Harold Brent HAYNES, Plaintiff–Appellant,

v.

Alan CHARNES, as Executive Director of the Department of Revenue of the State of Colorado, Motor Vehicle Division, and Department of Revenue of the State of Colorado, Motor Vehicle Division, Defendants–Appellees.

No. 87CA1879.

Colorado Court of Appeals, Div. II.

Feb. 2, 1989.

Rehearing Denied March 9, 1989.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Jeffrey R. Edelman, P.C., Jeffrey R. Edelman, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for defendants-appellees.

MARQUEZ, Judge.

Plaintiff, Harold Brent Haynes, appeals from the district court judgment affirming the revocation of his driver's license by the Department of Revenue (Department). We affirm.

Plaintiff's driver's license was revoked pursuant to Colo.Sess.Laws 1983, ch. 476, § 42-2-122.1(1)(a)(I) at 1641, for driving when a blood test showed his blood alcohol concentration was .15 or more grams of alcohol per 100 milliliters of blood. The Department ordered the revocation upon receipt of the arresting officer's report, and mailed plaintiff a notice of the revocation on July 24, 1986, advising plaintiff that the revocation would become effective on August 4, 1986. *See* Colo.Sess.Laws 1983, ch. 476, §§ 42-2-122.1(3) and (5) at 1642–43. The notice of revocation also advised plaintiff that:

"A hearing will be granted upon receipt of a written request by this or any Colorado drivers license office prior to the effective revocation/denial date. *Your Colorado drivers license must be surrendered at the same time. If a hearing request and license surrender is not received prior to the effective date, your right to a hearing is waived."* (emphasis added)

*See* Colo.Sess.Laws 1983, ch. 476, §§ 42-2-122.1(3)(c) and (7) at 1642–44.

Plaintiff, through counsel, timely filed a written request for a hearing on August 1, 1986, but he did not surrender his driver's license to the Department. By letter dated August 11, 1986, the Department denied the request for a hearing because of plaintiff's failure to surrender his driver's license as required.

Plaintiff's attorney subsequently requested the Department to reconsider its denial of the hearing, asserting that plaintiff's driver's license was not submitted because it was lost at the time. It was further asserted that the Department would have instructed plaintiff to obtain a reinstated license to surrender if plaintiff had requested the hearing personally, but that the Department did not so instruct plaintiff's attorney, thereby treating plaintiff differently because he was represented by counsel. By letter dated August 25, 1986, the Department again denied plaintiff's request for a hearing, stating that, pursuant to § 42-2-122.1(7)(a), C.R.S. (1984 Repl.Vol. 17), it must receive both the request for hearing and the driver's license prior to the effective date of revocation.

On review, the district court affirmed the revocation, and this appeal followed.

■ Plaintiff contends that his failure to surrender his driver's license did not constitute a waiver of his right to a revocation hearing. We disagree.

Section 42-2-122.1(7), C.R.S. (1984 Repl. Vol. 17) provides that:

"(a) Any person who has received a notice of revocation may make a written request for a review of the department's determination at a hearing. The request may be made on a form available at each office of the department. *If the person's driver's license has not been previously surrendered, it must be surrendered at the time the request for a hearing is made.*

(b) The request for a hearing must be made within seven days after the person received the notice of revocation as provided in subsection (4) of this section or is deemed to have received the notice by mail as provided in subsection (3) of this section. *If written request for a hearing is not received within the seven-day*

*period, the right to a hearing is waived,* and the determination of the department which is based upon the enforcement officer's report becomes final." (emphasis added)

Contrary to plaintiff's argument, we agree with the Department and the district court that these statutory provisions require timely surrender of a driver's license as a condition precedent to a right to a revocation hearing. *Cf. Baulsir v. State,* 702 P.2d 277 (Colo.App.1985) (Department is legally bound to comply strictly with this statute, which leaves no discretion in the Department to grant an untimely request for a revocation hearing for reasons other than those set forth therein). Accordingly, as plaintiff did not surrender his driver's license as required by statute, the Department properly denied his request for revocation hearing.

■ Plaintiff also contends that his equal protection rights were violated by the Department's failure to instruct him to obtain a duplicate license to surrender because he filed his request for a hearing through counsel rather than in person. We find no merit in this contention.

The license surrender requirement and the procedure for obtaining a duplicate license to replace a lost one are both set forth by statute. Sections 42–2–122.1(7)(a) and 42–2–115, C.R.S. (1984 Repl.Vol. 17). As a licensed driver, plaintiff is presumed to know the law applicable to him resulting from his traffic citation, and due process is satisfied by the notice given him through publication of the statutes. *Brewer v. Motor Vehicle Division,* 720 P.2d 564 (Colo. 1986); *Klingbeil v. State,* 668 P.2d 930 (Colo.1983). Moreover, the notice of revocation specifically advised plaintiff that timely surrender of his driver's license was a condition precedent to his right to a revocation hearing, and there is no indication in the record that plaintiff was not equally afforded the opportunity to comply with this requirement. The Department and the

district court therefore properly rejected this claim.

In light of these holdings, we need not address plaintiff's remaining contentions.

JUDGMENT AFFIRMED.

SMITH and SILVERSTEIN,* JJ., concur.