SOUTHWEST CAPITAL INVESTMENTS, INC., Plaintiff–Appellant,

v.

PIONEER GENERAL INSURANCE COMPANY, Defendant–Appellee.

No. 95CA1133.

Colorado Court of Appeals, Div. II.

Aug. 22, 1996.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Reece & Baker, L.L.C., Joe T. Reece, Susan F. Baker, Denver, for Plaintiff–Appellant.

David M. Summers, Denver, for Defendant–Appellee.

Opinion by Judge NEY.

Plaintiff, Southwest Capital Investments, Inc. (creditor), appeals the summary judgment entered in favor of defendant, Pioneer General Insurance. We affirm.

The sole issue on appeal is whether one who is a creditor of an automobile dealer, but is not a retail consumer, is an intended beneficiary of the automobile dealer licensing bond required by § 12–6–111, C.R.S. (1991 Repl.Vol. 5A). We determine that such a creditor is not.

The facts are undisputed. In July 1991, Colony Auto, Inc., an automobile dealer (dealer), purchased from defendant a dealer bond to qualify as a licensed dealer under § 12–6–111. The language of the bond, which was based on § 12–6–111, provided that defendant would:

> indemnify any and all persons, firms and corporations for any loss suffered by reason of the fraud or fraudulent representations made, or through the violation of any of the provisions of said Title 12, Article 6, Colorado [R]evised Statutes 1973.

In September 1991 and March 1992, dealer sold financing contracts to creditor and dealer agreed to indemnify creditor for any losses arising from defaults on these contracts.

To induce creditor to purchase the contracts, dealer presented false financial statements that misrepresented its ability to perform under its indemnification agreements.

Subsequently, dealer did not indemnify creditor's losses arising from certain defaults, and in May 1993, creditor filed an action against dealer, alleging a claim of fraud. In July 1993, creditor obtained a default judgment against dealer in the amount of $27,775. When creditor attempted to satisfy the judgment by making a claim against dealer's bond, defendant refused to pay the judgment, asserting that creditors were not intended beneficiaries of the bond issued in compliance with the automobile licensing statute.

In September 1994, creditor filed this action against defendant, asserting a claim against the bond to satisfy the judgment against dealer. In May 1995, the trial court entered summary judgment in favor of defendant based upon its determination that a creditor who is not a consumer is not an intended beneficiary under § 12–6–111 or the terms of the bond. This appeal followed.

■ Creditor contends that the trial court erred in its determination that, because creditor is not a consumer, it is not an intended beneficiary of the automobile dealer's bond required by § 12–6–111. We disagree.

■ In interpreting a statute, a reviewing court's primary task is to discern and give effect to the General Assembly's intent. *Snyder v. Jefferson County School District,* 842 P.2d 624 (Colo.1992). When interpreting a statute that is part of a comprehensive legislative scheme, all parts must be given meaning and the statutory provisions must be construed to further the legislative intent. *A.B. Hirschfeld Press, Inc. v. Denver,* 806 P.2d 917 (Colo.1991).

We are not bound by the trial court's interpretation of a statute. *See M.S. v. People,* 812 P.2d 632 (Colo.1991).

Section 12–6–111 is part of a legislative scheme regulating automobile dealers. *See* § 12–6–101, et seq., C.R.S. (1991 Repl.Vol. 5A). Automobile dealers are licensed and supervised by the motor vehicle licensing

board for the protection of consumers. Section 12–6–101(*l* )(c), C.R.S. (1991 Repl.Vol. 5A).

Prior to July 1, 1992, § 12–6–111, C.R.S. (1991 Repl.Vol. 5A) provided that:

One of the purposes of said bond is to provide the reimbursement for any loss or damage suffered by *any person* by reason of the transfer of a certificate of title by a motor vehicle dealer, wholesaler, or used motor vehicle dealer. (emphasis supplied)

On July 1, 1992, the statute was amended to read, in pertinent part:

[T]he purpose of the bond ... is to provide for the reimbursement for any loss or damage suffered *by any retail consumer* ....

Section 12–6–111(2)(a), C.R.S. (1995 Cum. Supp.) (emphasis supplied).

 As a general rule, when a statute is amended, there exists a presumption that the General Assembly intends to change the law. *In re Estate of Haddan,* 874 P.2d 1081 (Colo. App.1994). However, this presumption is not applicable if the General Assembly is amending the statute to clarify an ambiguity. *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986).

In *Western Surety Co. v. Smith,* 914 P.2d 451 (Colo.App.1995), a division of this court addressed another issue arising under the bond statute and determined that the 1992 amendment was intended to clarify an ambiguity in the statute. We also conclude that the 1992 amendment was intended to clarify, not amend, the statute. More specifically, the amendment clarified any ambiguity regarding the intended beneficiary of the bond requirement. *See* § 12–6–102(2.5)(a)(II), C.R.S. (1995 Cum.Supp.) (defining consumer as purchaser or lessee of a motor vehicle).

We conclude that the phrase "any person" in the pre–1992 version of § 12–6–111 refers only to those consumers or purchasers, including natural persons, firms, partnerships, and corporations, to whom a motor vehicle title is transferred by a bonded dealer.

Consequently, we reject creditor's assertion that the phrase also encompasses a corporation that, although not a consumer or purchaser of a motor vehicle, has a business relationship or contract with an automobile dealer.

The judgment is affirmed.

PLANK and MARQUEZ, JJ., concur.