John **SHERRY**, Plaintiff,

v.

**PROTECTION, INC.,** an Illinois corporation, Affiliated Protective Services, Inc., an Illinois corporation, and Charles T. Laws, Defendants.

No. 97 C 5215.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 24, 1997.

---

**1134**

Michael G. Cainkar, Heather Renee Sloan, Louis F. Cainkar, Ltd., Chicago, IL, for Plaintiff.

Scott P. Weiner, Law Offices of Scott P. Weiner, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons discussed hereafter, the motion is denied.

### I. BACKGROUND

Plaintiff John Sherry completed an application for employment as a security officer with defendant Protection Inc. on September 26, 1995. He was hired on or near that same day. He was ultimately promoted to the position of "Chief of Uniformed Security."

In March of 1996, Sherry's father was diagnosed with terminal liver cancer. Consequently, Sherry requested leave under the Family and Medical Leave Act (FMLA) to care for his father. His request was made to defendant Charles Laws—Chief Executive Officer of Protection Inc.—and defendant Affiliated Protective Services Inc. ("APS"). Sherry alleges that his first two requests made on March 4, 1997 were denied, but his third request on April 10, 1997 was granted. Laws granted him five weeks of leave.

Sherry's father died on April 30, 1997. Sherry returned to work on May 13, 1997. Upon his return to work, Sherry alleges that he was demoted from the highest ranking employee to a security officer. Further, due to intolerable working conditions, Sherry claims that he was forced to resign.

Sherry initiated this action against Protection Inc., APS, and Laws alleging in four separate counts violations of the FMLA.[1]

### II. DISCUSSION

Defendants seek summary judgment for a variety of reason: APS agues that it should not remain in this action because it was not Sherry's employer; all defendants attack the validity of Sherry's FMLA claims for a number of reasons. Following a statement of the summary judgment standard of review, the Court will address defendants' arguments in turn.

### A. Summary Judgment—Standard of Review

Under FED.R.CIV.P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Black v. Henry Pratt Co.,* 778 F.2d 1278, 1281 (7th Cir.1985). The moving party has the burden of providing proper documentary evidence to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a

---

1. The final count is against Laws and premised on intentional infliction of emotional distress. That count is not at issue.

jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Unquestionably, in determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials of the pleadings, which demonstrates that there is a genuine issue for trial. *Howland v. Kilquist*, 833 F.2d 639 (7th Cir.1987).

## B. *Defendants' Arguments*

### 1. Was APS Sherry's employer?

Sherry's FMLA claims are brought pursuant to 29 U.S.C. § 2615(a). Liability under § 2615(a) extends to an "employer." APS argues that it was not Sherry's employer, rather, APS claims that Sherry was employed by Protection Inc. In support of its position, APS notes that Sherry's employment application has only Protection Inc.'s name on it and that APS was nothing more than a payroll company utilized to pay the employees of Protection Inc.

The problem with APS's argument is that it does not focus on the FMLA's definition of an "employer." Under the FMLA, an "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I).

This definition of an employer applies only to "persons." Section 2611(8) defines "person" by referring to the definition of that term in § 203(a) of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 203(a). The FLSA defines the term broadly to include a "corporation." 29 U.S.C. § 203(a). Thus, as a corporation, APS qualifies as a "person" for purposes of § 2611(4)(A)(ii)(I)—which is applicable only against "persons."

The issue now becomes—to determine whether APS can qualify as Sherry's employer—whether APS acted, "directly or indirectly, in the interest of an employer [Protection Inc.] to any of the employees of such employer [Protection Inc.]." What does that mean?

Because the FMLA is a relatively recent enactment, there is not much law construing the provision. Since, however, the FMLA's definition of employer tracks the FLSA's definition, a consultation of case law interpreting the FLSA is appropriate. *See Freemon v. Foley*, 911 F.Supp. 326, 330 (N.D.Ill.1995); *see also*, 29 C.F.R. § 825.104(d). First, in case APS has any doubt, "[t]wo or more employers may jointly employ someone for the purpose of the FLSA." *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205, 1207 (7th Cir.1986). One of the ways one could be considered an employer is if the "person" effectively dominates the employer corporation's administration or otherwise acts or has the power to act on behalf of the corporation vis-a-vis its employees. *See Freemon*, 911 F.Supp. at 331 (citing *Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir.1993)). Other courts focus on the "economic reality" of the situation, *see, e.g. U.S. Dept. of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 779 (6th Cir.1995), or the "total employment situation," *see, e.g., Welch v. Laney*, 57 F.3d 1004, 1011 (11th Cir.1995).

The court, however, will not comment on the various methods used to determine whether one is an employer under the FLSA and thus, by analogy, under the FMLA. Because APS failed to discuss whether it was an employer under the analytical framework discussed above—indeed, basically, all APS argues is that it was not an employer because its name was not on the employment application—the court certainly cannot decide this matter on this record.

### 2. Did Sherry forfeit his rights under the FMLA?

Sherry received FMLA leave to care for his father who had a "serious health condition." *See* 29 U.S.C. § 2612(a)(1)(C). Defendants argue, citing *Brown v. J.C. Penney Corp.*, 924 F.Supp. 1158, 1162 (S.D.Fla.1996) (The plaintiff "abandoned his rights under the FMLA by failing to return to work until one month after his father's death from a serious health condition."), that the FMLA leave expired on the day Sherry's father died, thus, Sherry was required to report to work the following day. Because Sherry did not return to work for two weeks following

the death, defendants argue that Sherry forfeited his rights under the FMLA.

■ Regardless of whether Sherry was obligated to return to work the day after his father's death, based on the facts of this case, the court disagrees with defendants' position. Pursuant to 29 C.F.R. § 825.301(a)(2), if the employer does not have written policies, manuals, or handbooks describing employee benefits and leave provisions,[2] "the employer *shall* provide written guidance to an employee concerning *all* the employee's rights and obligations under the FMLA." Importantly, if notice is not provided, "the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice." 29 C.F.R. § 825.301(f).

Here, defendants never informed Sherry of his rights and obligations under the FMLA. Sherry requested five weeks of leave and was granted such leave without qualification. He was never told that he was required to return to work in the event his father died before the expiration of the five weeks. Moreover, Laws attended the funeral, thus, he was well aware of the date of death and never requested Sherry to return to work; he allowed him to stay on leave for the full five weeks.

Accordingly, because defendants failed to notify Sherry of his rights and obligations under the FMLA, the court finds that they cannot now rely on those provisions to penalize Sherry. *See* 29 C.F.R. § 825.301(a)(2) and (f).

### 3. Was the FMLA violated?

■ For their final argument, defendants argue that because Sherry was granted five weeks of leave when requested, they could not have violated the FMLA.

The court disagrees.

Defendants' argument is erroneously premised on the ground that the only way the FMLA can be violated is to deny a valid request for leave. That is of course wrong. Pursuant to the plain language of § 2615, the FMLA is violated if the employer interferes with, restrains, or denies the exercise or the attempt to exercise *"any"* right provided within the FMLA. 29 U.S.C. § 2615(a)(1).[3]

In count I, Sherry claims that the FMLA was violated when Laws denied his first two requests for leave. Obviously—and consistent with defendants' narrow interpretation of an FMLA violation—the denial of the requests was a violation of the FMLA under § 2615(a)(1)—the right to the requested leave is provided for in § 2612(a)(1)(C). Defendants make no argument as to whether the granting of the third request for the leave somehow cured the denial of the first two requests. Accordingly, count I remains in this action.

In count II, Sherry claims that while on his five weeks of FMLA leave, Laws repeatedly telephoned him at his home, contacted him by pager regarding business matters, and called him into work on three days. Sherry alleges that such conduct "interfered" with his FMLA rights under § 2615(a)(1). Because defendants make no argument attacking Sherry's position,[4] this count also remains in this matter.[5]

In counts III and IV, Sherry complains about his demotion when he returned to work. Sherry claims his demotion qualifies as a violation of § 2615(a)(1) and (2), respectively. Although the court questions the validity of the claim under § 2615(a)(2), it will remain in this action since defendants failed to argue as to the validity of the claim under that section. The allegations certainly qualify as a violation under § 2615(a)(1)—the right to be returned to the same position or

---

2. Protection Inc. had a handbook, but it failed to discuss benefits and leave provisions; accordingly subsection (a)(2) appears to be applicable.

3. Additional ways to violate the FMLA can be found in § 2615(a)(2) and (b).

4. Defendants merely argue that the only way the FMLA can be violated is to deny a valid request for leave. Because that argument is clearly

wrong, they have essentially conceded the validity of the counts for purposes of this motion by failing to offer arguments against Sherry's position as to why the allegations qualify as FMLA violations.

5. The court takes no position as to whether such conduct qualifies as an FMLA violation under § 2615(a)(1).

an "equivalent" position is provided for in § 2614(a)(1).

## III. *CONCLUSION*

Based on the foregoing analysis, defendants' motion for summary judgment is denied.