**James DeLONG and City and County of Denver, Plaintiffs–Appellees,**

v.

**Robert TRUJILLO, Defendant–Appellant.**

**No. 97CA1652.**

Colorado Court of Appeals,
Div. I.

June 10, 1999.

As Modified on Denial of Rehearing
Sept. 23, 1999.

Certiorari Granted May 30, 2000.*

* Justice COATS does not participate.

Office of the City Attorney, Daniel E. Muse, City Attorney, Richard A. Stubbs, Assistant City Attorney, Denver, Colorado, for Plaintiffs–Appellees.

Carol M. Iten, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Robert Trujillo, appeals the district court's judgment reversing the decision of the Denver Career Services Board that had reinstated him in his employment by plaintiffs, James DeLong and the City and County of Denver. We reverse and remand with directions.

After having been employed in the Denver Department of Aviation (department) for a period of 15 years, defendant took three leaves of absence between December 1993 and March 1995 to care for his terminally ill mother and ill father. He took his leave under the auspices of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (1999) (FMLA).

On April 1, 1995, defendant was terminated from his employment for neglect of duty, failure to comply with his supervisor's orders and department policies, unauthorized absence from work, and abuse of sick leave. All of these asserted grounds for termination related to defendant's leaves of absence to care for his parents.

A hearing officer of the Career Service Board heard defendant's appeal. During the hearing, evidence was presented that, during defendant's 15 years of employment, he had received several letters of reprimand for excessive absenteeism. The hearing officer also heard testimony that defendant had been asked to call in to work each day he was absent, and that he had failed to do so after the death of his mother.

The hearing officer concluded that defendant's termination violated the FMLA and rescinded the termination. She converted the termination to a 10–month suspension as discipline for "past overuse of leave, for exceeding the allowable Family Medical Leave in 1994–1995, and for his delay in responding to the Agency's written request for medical certification after March 9, 1995."

In considering the evidence concerning defendant's failure to call in on a daily basis, the hearing officer concluded that defendant's failure to call in was not willful. Rather, she concluded that defendant "did not hear or understand that he was not excused from the requirement [of calling in every

day]." The hearing officer attributed this misunderstanding to defendant's grief following his mother's death.

The Denver Career Service Board affirmed the hearing officer's decision.

Plaintiffs filed a complaint for judicial review in district court. The trial court found that the hearing officer had applied an improper legal standard in determining that plaintiffs improperly dismissed defendant concluding that defendant was not entitled to the protection of the FMLA for Leave III because he had not established that his father had a serious health condition. The district court expressly declined to consider the issue of defendant's failure to follow the proper procedure for requesting FMLA leave, defendant's failure to comply with the daily call in requirement, and other rule infractions committed by defendant. Thus, it reversed the hearing officer's ruling and remanded for the reinstatement of defendant's termination.

Defendant contends the hearing officer correctly concluded that plaintiffs had violated the notice requirements of the FMLA in three respects. We agree.

■ The scope of review granted to the district court in a proceeding under C.R.C.P. 106(a)(4) is strictly limited to whether jurisdiction has been exceeded or whether discretion was abused. *City of Colorado Springs v. District Court*, 184 Colo. 177, 519 P.2d 325 (1974). Moreover, the court of appeals is in the same position as the district court concerning review of the proceedings pursuant to this rule. *Empiregas, Inc. v. County Court*, 713 P.2d 937 (Colo.App.1985).

■ A reviewing court may reverse a decision of the administrative agency if it applies an incorrect legal standard or if there is no competent evidence to support the decision. No competent evidence means that the decision of the administrative agency is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority. *City of Colorado Springs v. Givan*, 897 P.2d 753 (Colo.1995).

## I. Interim and Final Regulations

■ Initially, we consider plaintiffs' contention that the hearing officer erroneously applied final regulations of the FMLA that had not yet taken effect on the date of defendant's termination. We disagree.

The FMLA was enacted in 1993 and implemented by interim regulations. Subsequently, the Department of Labor implemented final regulations which became effective in 1995—after defendant had been terminated.

Our review of the interim regulations and the final regulations indicates that the interim regulations were substantially the same as the final regulations in all material aspects. Moreover, plaintiffs do not specify any way in which they were prejudiced by the hearing officer's application of final, rather than interim, regulations. Thus, the application of the final regulations was not reversible error. Nonetheless, we will apply the interim regulations. Unless otherwise noted, the final regulations have been recodified with the same section numbers and subsections.

## II. FMLA Leave Provisions

The FMLA was enacted to balance the demands of the workplace with the needs of families by allowing employees to take reasonable unpaid leave for medical reasons. 29 C.F.R. § 825.101(a) (1993). The FMLA gives eligible employees the right to take up to 12 weeks of leave during any 12–month period to care for the employee's spouse, son, daughter, or parent with a serious health condition. 29 C.F.R. § 825.112(a)(3) (1993).

The FMLA details the notice employers must provide employees regarding their rights under the FMLA and the notice employees must provide the employer to qualify for leave.

When leave under the FMLA is not foreseeable, the employee should give notice to the employer as soon as practicable under the circumstances. 29 C.F.R. § 825.303(a) (1993).

■ An employee need not expressly assert rights under the FMLA or even mention the FMLA to provide the employer adequate

notice. The employee must only provide the employer with information sufficient to make the employer aware that the absence is attributable to circumstances that would potentially qualify the employee for coverage under the FMLA.

■ Once the employee notifies the employer of his or her need for leave, it is the employer's obligation to obtain any additional required information. *Gay v. Gilman Paper Co.*, 125 F.3d 1432 (11th Cir.1997); *see Manuel v. Westlake Polymers Corp.*, 66 F.3d 758 (5th Cir.1995) (notice to employer sufficient where employee called to say she could not return to work because of complications from treatment of an ingrown toenail).

■ While there is no specific requirement that an employer notify the employee of the specific date on which the employee's leave under the FMLA will expire, the employer is required to provide "written guidance" to an employee concerning all the employee's rights and obligations under the FMLA whenever an employee requests leave under the FMLA. The employer must also provide notice to the employee detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet those obligations. 29 C.F.R. § 825.301(b) & (c)(1993) (now codified as 29 C.F.R. § 825.301(a)(2) & (b)(1)(1998)). The requirement of this specific notice was changed from "notice" to "written notice" when the final regulations were promulgated. According to the preamble to the final regulations: "[This] regulation has been changed *to make it clear* that the notice must be in writing." 60 Fed.Reg. 2180, 2220 (Jan. 6, 1995) (emphasis added). Thus, the Department of Labor intended this change to clarify the interim regulations, not to effect a substantive change.

The more specific notice should state, *inter alia*, that the leave will be counted against the employee's annual leave entitlement under the FMLA. 29 C.F.R. § 825.301(c)(1) (1993)(now codified as 29 C.F.R. § 825.301(b)(1)(i) (1998)).

■ If the employer does not provide an employee with the required notice of policies and procedures related to the FMLA, an employee could be unfairly deprived of his or her right to reinstatement under the FMLA. Further, inadequate notice of an employee's rights and obligations can support a claim for violation of the FMLA even where the employee's leave exceeds the allotted 12 weeks. *Fry v. First Fidelity Bancorporation*, No. CIV.A 95–6019, 1996 WL 36910 (E.D.Pa. Jan.30, 1996) (under interim regulations, court determined that employer's failure to provide adequate notice of its FMLA policies to employees constituted interference with FMLA rights when lack of notice caused employee unknowingly to violate substantive provisions of employer's FMLA policies). *Cf. Sherry v. Protection, Inc.*, 981 F.Supp. 1133 (N.D.Ill.1997) (under final regulations, where employer failed to notify employee of rights and obligations under FMLA, employer could not take action against employee for failure to comply with provisions required to be set forth in notice).

The final regulations added 29 C.F.R. § 825.301(f) (1998), which states that: "If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice." However, this provision only reinforces what was implicit in the interim regulations. *See Fry v. Fidelity Bancorporation, supra. See also* 29 U.S.C. § 2615(a)(1) (1994) (employer may not interfere with, restrain, or deny the exercise of or attempt to exercise any right under FMLA).

In addition to providing written guidance to the employee concerning the expectations and obligations of the employee under the FMLA, an employer may require that an employee supply a medical certification issued by the health care provider of the employee or the employee's ill family member. 29 C.F.R. § 825.305(a). "An employer must give written notice of a requirement for medical certification in a particular case, but an employer's verbal request to an employee to furnish any subsequent medical certification is sufficient." 29 C.F.R. § 825.305(a) (1993).

Further, 29 C.F.R. § 825.305(c) (1993) (now codified as 29 C.F.R. § 825.305(d) (1998)) provides:

At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency.

The employer must allow the employee at least 15 calendar days to provide the certification requested. 29 C.F.R. § 825.305(a) (1993) (now codified as 29 C.F.R. § 825.305(b) (1998)).

Finally, an employer's violations of the FMLA or of the regulations constitute an interference with the exercise of rights provided by the FMLA. 29 C.F.R. § 825.220(b) (1993).

From late November 1993 through March 5, 1994, defendant was absent to care for his ailing mother (Leave I). He took a second leave beginning November 25, 1994, again to care for his mother until her death on January 30, 1995 (Leave II). Defendant remained absent from work from January 31, 1995, until March 20, 1995, to care for his father, whose health deteriorated after the death of defendant's mother (Leave III).

The hearing officer concluded that:

The [department] granted FML [Act leave] to Appellant between November 1993—March 1994 and again between November 1994 and January 30, 1995. Yet, the [department] did not establish that either time it fully notified Appellant of his rights to FML [Act leave], his obligations in order to secure such leave, or the procedures it expected him to follow.

The hearing officer's findings of fact are supported by the record.

### A. Rights and Obligations

■ At no point was defendant ever informed of, or provided with guidance concerning, his obligations under the FMLA.

While the record is unclear concerning when defendant received FMLA leave for Leave I, it is undisputed that he was granted FMLA leave from the department. It is also unclear whether defendant was required to follow any formal procedure to qualify for FMLA leave during Leave I.

During Leave II, the department realized that no formal request for family medical leave had been submitted for Leave II, and it asked defendant to submit a leave form which defendant, in turn, asked his mother's physician to complete and submit. After the physician submitted the requested medical certification, defendant was retroactively granted family medical leave for Leave II on February 3, 1995.

When defendant spoke with a supervisor on February 10, 1995, the supervisor informed him that the department considered that defendant's family medical leave for Leave II had expired on the date of his mother's death, January 30, 1995. Although the request form for FMLA leave for Leave II was submitted before the death of defendant's mother, it was not approved until after her death. Importantly, while the department's FMLA leave request form contains space to indicate the date of the employee's return to work, defendant apparently indicated that his date of return was "unknown." Further, when plaintiffs retroactively granted defendant leave on February 3, 1995, the approval did not indicate when such approved leave was to end.

Thus, because defendant was not told when his FMLA leave would expire, the department failed to notify him adequately of his rights and obligations under the FMLA, and consequently, it cannot now assert that defendant forfeited his rights under the FMLA. *See Sherry v. Protection, Inc., supra* (employer could not penalize employee for remaining on leave after death of father where employer did not notify employee that his FMLA leave would expire in the event of his father's death).

### B. Medical Certification

■ In addition to not notifying defendant properly concerning his general rights and obligations under the FMLA, the department failed to provide defendant with written notification of the requirement for medical certification.

During the conversation with his supervisor on February 10, 1995, defendant was informed that he had to submit a new family medical leave request form with supporting documentation from his father's doctor to qualify for family medical leave for Leave III. The supervisor then faxed defendant a family medical leave request form and a memo describing the general requirements for obtaining FMLA leave.

Neither the memo nor the request form satisfied the required written request for medical certification under 29 C.F.R. § 825.305 (1993). Neither informed defendant of the necessity of returning the forms by a specific date, nor did the forms advise defendant of the consequences of failing to submit adequate medical certification.

Defendant testified that he had supplied the FMLA certification form to his father's doctor and had asked the doctor to fax it to the agency. However, defendant also testified that he did not learn that the department had not received any medical certification from his father's doctor until after he received a letter from the department dated March 9, 1995, advising him of a pre-disciplinary meeting concerning his extended absence and failure to call in on a daily basis. This letter was dated 27 days after he had been asked to submit the form, and 22 days before defendant's termination.

Nonetheless, on March 16, 1995, at defendant's request, his father's physician faxed a letter to plaintiffs stating: "[Defendant] has been taking care of the affairs of his deceased mother, as well as, the care of his father. His father's health and welfare have deteriorated since the death of his mother...." Ultimately, the department found this attempt to provide medical certification to be "no more than a return to work slip," and terminated defendant's employment 16 days later.

Therefore, not only was defendant not advised in writing of the potential consequences for failure to submit the required forms and medical certification, he was also not provided with "a reasonable opportunity to cure any such deficiency," as required by 29 C.F.R. § 800.305(c) (1993).

Because plaintiffs did not notify defendant that he had provided inadequate medical certification and did not provide him an opportunity to cure the deficiency, they cannot now complain of the deficiency in the medical certification. *See Sims v. Alameda–Contra Costa Transit District,* 2 F.Supp.2d 1253 (N.D.Cal.1998) (employer waives right to argue employee did not have serious medical condition where employer fails to notify employee that medical certification inadequate).

### C. Calculation of 12–month Period

As noted above, an employee can claim protection under the FMLA even if the employee has exceeded the 12 weeks allowable under the FMLA in situations where, as here, the employer has violated the notice requirements of the FMLA and the employer's failure to properly notify the employee causes the employee to miscalculate the amount of time he or she has under the FMLA. *See Fry v. First Fidelity Bancorporation, supra.*

Moreover, when an employee is not informed of the method by which an employer has elected to calculate the 12–month period, the employee should have the benefit of the most favorable calculation allowable under the FMLA. *McKiernan v. Smith–Edwards–Dunlap Co.,* No. CIV. A. 95–1175, 1995 WL 311393 (E.D.Pa.1995).

The FMLA provides four different methods for calculating the 12–month period. An employer may use a calendar year, any fixed 12–month period, the 12–month period forward from the time the employee first takes leave, or a 12–month period determined by measuring backwards from the date an employee uses any family medical leave. 29 C.F.R. § 825.200 (1993).

Here, defendant was not informed as to the method of calculation of the 12–month period. Even though Denver Career Service Rule 11–154 provides that the 12–month period is calculated by measuring forward from the first day on which FMLA leave is taken, nothing in the record indicates that defendant was ever told of this method of calculation, or provided with a copy of Denver Ca-

reer Service Rules 11.150–11.161 concerning family medical leave.

Additionally, we cannot overlook the leniency with which defendant's request for family medical leave was treated during Leave II. Although individuals are presumed to know the law, *see Haynes v. Charnes,* 772 P.2d 670 (Colo.App.1989), Leaves I and II exceeded the allowable 12 weeks under the career service method of calculation, but were nonetheless approved by the department. Significantly, Leave II was granted retroactively even though the department believed he had already exceeded 12 weeks of leave. Further, plaintiffs led defendant to believe that he was eligible for further FMLA leave by advising him to submit a new family medical leave request form for Leave III, concerning his absence attributable to his father's illness. Thus, defendant could reasonably have believed the department would approve his request for Leave III, even if it was in excess of the 12–week periods allowed by the FMLA.

We also note that, if the accrual of the 12–month period is calculated based upon a calendar year, defendant did not exceed his allotted time in 1993 or 1995, but did exceed it in 1994. Therefore, defendant could reasonably have believed he had additional leave remaining in 1995 when he was terminated. Thus, we agree with the hearing officer's finding that: "The [department] failed to establish that [it] ever notified Appellant that his 12 weeks of authorized FML [Act leave] would expire by a specific date or that he had to submit a new FML [Act leave] request form by a certain date." ·

Therefore, we perceive no abuse of discretion on the part of the hearing officer in finding that the employer violated the notice requirements of the FMLA.

Inasmuch as defendant has already served the 10–month suspension imposed by the hearing officer, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion, including whether defendant is entitled to an award of back pay. ·

Judge METZGER concurs.

Judge CASEBOLT dissents.

Judge CASEBOLT dissenting.

Because the Career Service Board hearing officer applied erroneous legal standards in rendering her decision, and the termination of defendant's employment is sustainable regardless of plaintiff's violation of the Family and Medical Leave Act, I respectfully dissent.

Defendant was absent from his employment as a heavy equipment mechanic for the City & County of· Denver .Department of Aviation (department) between the end of November 1993 and March 5, 1994, to care for his mother. The department authorized leave for that period under the auspices of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. (1999) (FMLA).

Defendant was again absent from work because of his mother's illness from November 25, 1994, through January 30, 1995, the date of her death. As required by departmental policy, during that time he regularly reported his absences to the department. The department retroactively approved this FMLA leave on February 3, 1995.

On January 31, 1995, defendant spoke by telephone with his supervisor, mentioning how poorly his father was handling his mother's death. Defendant indicated that he needed additional leave to care for his father. The supervisor told defendant not to worry about his job at that time.

On February 10, 1995, the supervisor notified defendant that the department considered his FMLA leave to have ended when his mother died. The supervisor told defendant to submit another FMLA request for additional leave if he needed to care for his father. The supervisor told defendant that he was "in unauthorized leave without pay status" after his mother had died, and that he would remain so until a new FMLA request was submitted and approved. He also told defendant that he must call in daily to the department if he remained absent.

The department sent defendant a FMLA form and a memorandum concerning FMLA. Defendant gave his father's doctor the

FMLA form and asked him to complete it, but he did not check to see whether the doctor timely sent the form to the department.

Defendant did not submit a new FMLA form, nor did the department receive any medical documentation supporting leave from the doctor. After January 31, 1995, defendant also failed to call in his absences from work as required.

On March 9, 1995, the department delivered a letter to defendant indicating that it was contemplating discipline against him for failing to return to work, failing to call in his absences, and failing to submit another FMLA request form after February 10, 1995. On March 14, 1995, the department held a pre-disciplinary meeting in which defendant acknowledged that he had not reported his absences daily. At that time, defendant first learned that his father's doctor had not submitted the required medical certification. Upon his request, the doctor submitted a letter on March 16, 1995, indicating that defendant had been taking care of his father.

On March 31, 1995, the department dismissed defendant because of neglect of duty, failing to comply with his supervisor's orders and department policies, unauthorized absence from work, and abuse of sick leave. Upon appeal to the Denver Career Service Board, the hearing officer determined that the department's dismissal violated the letter and spirit of the FMLA. Therefore, she rescinded that termination and a suspension was imposed. The Denver Career Service Board affirmed.

Concluding that the hearing officer had applied incorrect legal standards, the district court reversed the hearing officer's determination and reinstated defendant's termination, and this appeal followed.

Appellate review of agency action under C.R.C.P. 106(a)(4) is limited to considering whether the administrative agency exceeded its jurisdiction or abused its discretion. Under this standard, as the majority correctly notes, a reviewing court is required to reverse the administrative agency's decision if there is no competent evidence to support it or if the agency applied an erroneous legal standard. *Regents of University of Colorado v. City & County of Denver*, 929 P.2d 58 (Colo.App.1996).

## I. FMLA Regulations

The hearing officer stated in her order that the final regulations implementing the FMLA became effective February 6, 1995. Thus, she concluded that such regulations governed the way in which the department was required to notify defendant about FMLA leave requirements on or after February 10, 1995, and she therefore applied and interpreted those regulations throughout her decision.

However, on February 3, 1995, the effective date of those final regulations was deferred until April 6, 1995, which was 5 days after defendant's termination. *See* Deferral of Effective Date of Regulations, 60 Fed.Reg. 6658 (1995). Hence, because FMLA regulations cannot be applied retroactively, *see Lacoparra v. Pergament Home Centers, Inc.*, 982 F.Supp. 213 (S.D.N.Y.1997) (fn.6), the hearing officer erred in interpreting and applying the final regulations in her decision.

Contrary to the majority's conclusion, the differences between the interim and final regulations are, in this instance, significant. Specifically, the hearing officer applied and heavily relied on final regulation 29 C.F.R. § 825.301 which provides, in pertinent part, that, when an employee gives notice of the need for FMLA leave:

(b)(1) The employer shall also provide the employee with *written* notice detailing the specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations.

. . . .

(f) If an employer fails to provide notice in accordance with the provisions of this section, the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice.

29 C.F.R. § 825.301 (1998) (emphasis added).

The hearing officer found that, because the department did not provide defendant with the *written* notice required by 29 C.F.R.

825.301(b)(1) when it required him to reapply for leave to care for his father, his dismissal was contrary to that regulation.

However, she should have applied the interim regulations, which were in effect from August 5, 1993, through April 5, 1995. Under interim regulation 29 C.F.R. § 825.301(c), which governs this proceeding, an employer was *not* required to give *written* notice. Rather, that regulation merely provided, in pertinent part, that:

> In addition, when an employee provides notice of the need for FMLA leave, the employer shall provide the employee with *notice* detailing the specific expectations and obligations of the employee and explaining any consequences of failing to do so.
>
> 29 C.F.R. § 825.301(c) (1993) (emphasis added).

In her order, the hearing officer stated that the department gave defendant *"oral notice* of what it expected of him" on February 10, 1995. (emphasis added) But, in concluding that the department had a "new obligation to provide *written* notification of FMLA rights to employees who invoked the law's protection," she ultimately found that "these violations of the FMLA and regulations are sufficient to render [defendant's] dismissal unjust." (emphasis added)

Contrary to the majority's conclusion, the requirement for specific written notice contained in the final regulation was not merely a clarification of the interim regulation's notice requirement. Rather, as noted by the preamble to the final regulations themselves, "the regulation has been *changed* ... the notice *must* be in writing." (emphasis added) *See Southwest Capital Investments, Inc. v. Pioneer General Insurance Co.,* 924 P.2d 1205 (Colo.App.1996) (as a general rule, when a statute is amended, there exists a presumption that the legislature intended the statute to have a meaning different from that accorded to it before the amendment).

There are other differences between the interim and final regulations as well. Interim regulation 29 C.F.R. § 825.301 did not contain any language similar to that in final regulation 29 C.F.R. § 825.301(f) (1998) noted above, which prohibits an employer from taking action against an employee if the employer fails to provide proper notice.

Therefore, had the hearing officer applied interim regulation 29 C.F.R. § 825.301(c), which only requires "notice," she could not have concluded that the department violated this particular portion of the regulation. Because the hearing officer made no other findings concerning the adequacy of the oral notice actually given, at the minimum a remand is required so the hearing officer may apply the appropriate regulations and determine whether the balance of the notice complied with such regulations.

Accordingly, I cannot agree with the majority's conclusion that defendant was not adequately notified of his rights and obligations under the FMLA.

## II. Daily Call–In Procedure

The hearing officer found that on February 10, 1995, defendant's supervisor had instructed him that he must call in daily any future absences, just as he had been required to do during the several months before his mother's death. She also found that the supervisor had stressed the importance of his directions to defendant. She found defendant's claim that his supervisor had excused him from that requirement when they spoke on January 30, 1995, "stretches the bounds of any reasonable interpretation of [the supervisor's] statements."

Nevertheless, she stated that, although defendant had failed to call the department daily after he was instructed to do so on February 10, 1995, she was "not persuaded that [defendant] *willfully* refused to follow the procedure which he had dutifully followed for the two months before his mother died." (emphasis added) However, willful conduct is not required before an employee can be terminated for failing to report to the employer concerning his or her status and intention concerning a return to work.

In terminating defendant, the department had four separate grounds for termination. The department cited several applicable portions of the Denver Career Service rules, and

the hearing officer noted those rules as being applicable here.

Denver Career Service Rule 16–22 provides in pertinent part:

*Causes for Immediate Dismissal*

Although the supervisor may impose a lesser penalty, the following shall be just cause for immediate dismissal:

(1) gross negligence or willful neglect of duty.

. . . .

(7) Refusing to comply with the orders of an authorized supervisor or refusing to do assigned work which the employee is capable of doing.

. . . .

(11) Absence from work where the employee has requested permission to be absent and such request has been denied.

. . . .

(23) Any other act of dishonesty, gross misconduct, or neglect not specifically listed above.

Denver Career Service Rule 16–23 further provides that, under appropriate circumstances, immediate dismissal may be warranted when, *inter alia,* an employee abuses sick leave, fails to observe departmental regulations, fails to comply with the instructions of a supervisor, or for any other just cause including the good of the service.

The only provision requiring willful conduct is contained in Denver Career Service Rule 16–22(1). The balance of the quoted rules do not require the existence of willfulness. Hence, the hearing officer erred in implicitly imposing a willful conduct requirement to the remaining provisions authorizing dismissal.

Further, the hearing officer also erred in applying FMLA regulations to the career service rule scheme. She stated that, pursuant to 29 C.F.R. § 825.302(d), the department "may have been entitled to require that [defendant] follow usual and customary requirements for requesting leave, such as calling in daily." However, she also interpreted such regulation to provide "that an employer may not disallow or delay [FMLA leave] if

the employee fails to follow the employer's internal policies, so long as the employee has given timely verbal notice."

Based on her finding that defendant had given timely verbal notice that he needed more leave to care for his father, she concluded that, by terminating him based in part on his failure "to comply with the customary [department] procedure of calling in each day to request leave," the agency had "effectively disallowed [him] statutorily protected [FMLA] leave after, at least, February 10, 1995." The application of that regulation to these facts was erroneous.

29 C.F.R. § 825.302(d) (1998) provides that:

An employer may also require an employee to comply with the employer's usual and customary notice and procedural requirements *for requesting leave.* For example, an employer may require that written notice set forth the reasons for the requested leave, the anticipated duration of the leave, and the anticipated start of the leave. However, failure to follow such internal employer procedures will not permit an employer to disallow or delay an employee's taking FMLA leave if the employee gives timely verbal other notice.

(emphasis added)

That provision, however, is contained in a section specifying the type of notice an employee must give an employer when the need for FMLA leave is foreseeable. Because the hearing officer here specifically found that "the need for defendant to care for his father was *not foreseeable,*" that section, in its entirety, has no application here.

Regardless, even if I assume defendant's leave was foreseeable so that 29 C.F.R. § 825.302 applies, the above quoted subsection, when read in context, has no applicability to these facts. Rather, it specifically refers to what an employer may require of an employee when the employee is *requesting* foreseeable FMLA leave.

Here, contrary to the hearing officer's conclusion, the department's instruction that defendant was to call in daily was not part of its "usual and customary notice and procedural requirements for *requesting* leave." (empha-

sis added) Rather, that instruction was a standard internal procedure regarding an employee's responsibility to call in daily when absent from work, whether the employee was on leave or not.

Moreover, 29 U.S.C. § 2614(a)(5) (1999) specifically authorizes an employer to impose reporting requirements upon employees, such as the department's daily call-in requirement here. *See Lempres v. CBS Inc.,* 916 F.Supp. 15; (D.D.C.1996) (fn.10).

That section provides:

Nothing in this subsection shall be construed to prohibit an employer from requiring an employee on leave under section 2612 of this title to report periodically to the employer on the status and intention of the employee to return to work.

Thus, because this section specifically authorizes an employer to impose reporting requirements upon an employee, it must follow that it is permissible to terminate an employee for failing to comply with those reporting requirements, as the department did here. *See Holmes v. The Boeing Co.,* 1998 WL 92233 (D.Kan. Feb.3, 1998) (failure to comply with employer's policies for reporting absences sufficient to justify discharge; 29 U.S.C. § 2614(a)(5) specifically authorized employer to impose reporting requirements, thus no FMLA violation when employee terminated).

Moreover, nowhere in the FMLA or in its implementing regulations is there a requirement that an employee's failure to obey such reporting requirements must be "willful" before the employee may be subject to discipline. And, I find no indication in the Denver Career Service Rules that defendant's "failure to hear or understand that he was not excused from the [reporting] requirement" vitiates or precludes his termination.

I acknowledge that 29 U.S.C. § 2615(a)(1) (1999) provides that it is unlawful for an employer to interfere with, restrain, or deny the exercise of any right provided in the FMLA. However, because 29 U.S.C. § 2614(a)(5) specifically authorizes an employer to impose reporting requirements on employees, to hold that § 2615(a)(1) prohibits conduct specifically authorized by

§ 2614(a)(5) would be absurd and, thus, such an interpretation should be avoided. *See Holmes v. The Boeing Co., supra; Colorado State Board of Medical Examiners v. Saddoris,* 825 P.2d 39 (Colo.1992).

Accordingly, even if I were to agree with the majority that the department violated some provisions of the FMLA, at least one of the grounds relied upon by the department (the failure to call in daily) provides an independent basis for termination that is permissible under FMLA.

For these reasons, the district court reached the correct result, albeit under a different rationale. *See Barham v. Scalia,* 928 P.2d 1381 (Colo.App.1996) (if trial court reaches correct result, its determination should be affirmed). Hence, I would affirm the judgment.