United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 03-11276

DEBBIE URBAN,

Plaintiff-Appellee,

VERSUS

DOLGENCORP OF TEXAS, INC.,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Abilene

Before DeMOSS, STEWART, and CLEMENT, Circuit Judges.

DeMOSS, Circuit Judge:

Appellee Debbie Urban ("Urban") filed suit in the Northern District of Texas, alleging that Appellant Dolgencorp of Texas, Inc. ("Dollar General") terminated her employment in contravention of the Family Medical Leave Act ("FMLA"). The district court granted Urban's motion for summary judgment, finding that Dollar General had not complied with the relevant FMLA regulations regarding Urban's right to cure deficiencies in the medical documentation she submitted supporting her request for leave.

Dollar General timely filed the instant appeal.  For the reasons discussed below, we REVERSE the district court's granting of summary judgment and RENDER judgment in favor of Dollar General.

## BACKGROUND AND PROCEDURAL HISTORY

Urban began working for Dollar General in May 2001 in Abilene, Texas.  In May 2002, Urban, then an assistant store manager in Dollar General's Anson, Texas, store, found it necessary to have bilateral carpal tunnel surgery.  The surgery was scheduled to take place on May 28 and May 30, 2002.  Sometime before May 28, 2002, Urban informed Dollar General that, because of her upcoming surgery, she was requesting a medical leave of absence pursuant to the FMLA.  Urban requested leave that would begin on June 1, 2002, and last through August 24, 2002.

Dollar General informed Urban on or about June 4, 2002, that it was tentatively designating her requested leave of absence as FMLA-qualifying.  Urban was notified by Dollar General that it would be necessary for her to produce medical certification from her physician to approve the leave under the FMLA.  Dollar General informed Urban that the deadline to return the medical certification form was June 24, 2002.  Urban requested from Dollar General, and was granted, a 15-day extension of time within which to return the completed medical certification form, pushing back the deadline to July 9, 2002.  Dollar General did not receive Urban's medical certification by July 9, 2002.  By letters of July

2

19 and July 22, 2002, Dollar General advised Urban that her employment was terminated because her 30 days of non-FMLA medical leave provided by company policy had already expired, and the company considered her absences unauthorized.

Urban filed suit in state court in September 2002, alleging that Dollar General terminated her employment in violation of the FMLA. Dollar General removed the action to federal court in October 2002, based upon the existence of a federal question. In June 2003, Urban filed a motion for summary judgment as to liability only, and Dollar General submitted a cross motion for summary judgment. The district court, in August 2003, granted Urban's partial motion for summary judgment, while denying Dollar General's motion.

Dollar General sought an order from the district court certifying for immediate appeal the issue of whether the relevant federal regulations require an employer to provide an employee the opportunity to cure a deficiency in an incomplete medical certification where the deficiency or incompleteness is, in fact, the failure to submit a medical certification in the first place. The district court granted Dollar General's motion, and this Court subsequently granted leave to appeal from the interlocutory order pursuant to 28 U.S.C. § 1292(b).

**STANDARD OF REVIEW**

This Court reviews grants of summary judgment de novo,

3

applying the same standard as the district court. <u>Tango Transp. v. Healthcare Fin. Servs. LLC</u>, 322 F.3d 888, 890 (5th Cir. 2003). Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). This Court views the evidence and draws all justifiable inferences in a light most favorable to the non-movant. <u>Bodenheimer v. PPG Indus., Inc.</u>, 5 F.3d 955, 956 (5th Cir. 1993). The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." <u>Celotex</u>, 477 U.S. at 322.

## DISCUSSION

The FMLA was enacted in 1993, in part, to provide job security for employees with "serious health conditions that prevent them from working for temporary periods." 29 U.S.C. § 2601(a)(4) (1999). To effectuate this goal, the FMLA entitles employees to take reasonable leave for approved medical reasons. <u>Id.</u> § 2601(b)(2). During a 12-month period, an eligible employee may take a total of

4

12 workweeks of leave in connection with "a serious health condition that makes the employee unable to perform the functions of the position of such employee." Id. § 2612(a)(1)(D). The FMLA also provides that "[a]n employer may require that a request for leave . . . be supported by a certification issued by the health care provider of the eligible employee." Id. § 2613(a). If the employer does require medical certification, it must give the employee at least 15 calendar days in which to submit the certification. 29 C.F.R. § 825.305(b) (2002).

Such a medical certification is considered sufficient if it contains certain information, including: (1) the date on which the serious health condition commenced; (2) the probable duration of the condition; (3) the appropriate medical facts within the knowledge of the health care provider regarding the condition; and (4) if the leave is for the employee's own serious health condition, a statement that the employee is unable to perform the functions of his or her job.[1] 29 U.S.C. § 2613(b). If an employer requests such documentation, it is required to notify the employee

_____

[1] In addition to providing leave for the employee's own serious health condition, the FMLA also entitles the employee to leave for any of the following:
  (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
  (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
  (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
  29 U.S.C. § 2612(a)(1)(A)-(C).

of the consequences for failing to provide an adequate certification. 29 C.F.R. § 825.301(b)(1)(ii). If the employer finds the certification form incomplete, the employer must advise the employee of the deficiency and provide the employee a reasonable opportunity to cure any such deficiency. Id. § 825.305(d).

It is undisputed that Urban provided Dollar General with proper notice of her intent to request FMLA leave with regard to her carpal tunnel surgeries. Likewise, both parties agree that Dollar General requested medical certification and apprised Urban of the consequences she would face if her medical certification was not timely submitted. The sole issue before this Court, therefore, is whether the curing provision found in § 825.305(d) applies in the instance where an employee fails to submit a medical certification to the employer altogether.

Urban contends that she delivered the required medical certification to her physician and requested that, once completed, the certification be faxed directly to Dollar General. According to Urban, the physician's office apparently misplaced the form and consequently never sent Dollar General a copy of Urban's medical certification. Urban asserts that she was unaware that Dollar General failed to receive her medical certification before the deadline had passed. Urban contends that she did not learn of this fact until she was notified by Dollar General, in the form of two letters dated July 19 and July 22, 2002, that her request for FMLA

leave was denied for failing to provide medical certification by the July 9, 2002, deadline. Urban maintains that her "reasonable opportunity to cure any such deficiency," pursuant to § 825.305(d), was entirely dependent upon Dollar General advising her that the certification form had not been received. Urban argues that it was impracticable for her to re-contact her doctor and cure the problem until after she was informed of the failure by Dollar General.

Meanwhile, Dollar General argues that it fully complied with all relevant statutory and regulatory requirements. Dollar General points out that it went as far as granting Urban's request for a 15-day extension of time from the original deadline within which to return the completed medical certification form — an extension that neither the FMLA nor § 825.305(d) requires. Dollar General also suggests that Urban's proffered reason for her untimely submission — that her doctor was at fault for not forwarding the certification to Dollar General — is immaterial. Instead, Dollar General contends, it was Urban's responsibility, as an employee seeking the protections of the FMLA, to ensure that her medical certification was timely filed.

The Fifth Circuit has not addressed whether a certification that is never submitted to the employer may be considered "incomplete" under § 825.305(d). Urban relies upon several cases in support of her position. For instance, Urban cites <u>Jiminez v. Velcro USA, Inc.</u>, No. 01-001-JD, 2002 WL 337523 (D.N.H. Mar. 4, 2002), for the proposition that the definition of "deficiency"

7

includes "a lack or shortage of required information." Id. at \*3 (citation omitted). The employee in Jiminez, however, actually submitted a medical certification to the employer. Id. at \*2. The certification was considered "incomplete" because the information provided therein by the physician did not establish that the employee was entitled to FMLA leave. Id. Urban also cites DeLong v. Trujillo, 1 P.3d 195 (Colo. App. 1999), reversed on other grounds, 25 P.3d 1194 (Colo. 2001), in support of her argument that "non-existent" is the same as "incomplete" for purposes of § 825.305(d). In Trujillo, the employee's physician failed to return the requested medical certification form to the employer. 1 P.3d at 201. The employee did not learn that the certification had not been received until he was notified by his employer that a disciplinary hearing was being held to address his absences. Id.

However, unlike the instant case, the employee's father's physician in Trujillo ultimately sent the employer a letter identifying the reasons for the employee's absence from work. Id. Importantly, the letter from the physician was received by the employer prior to any adverse action taken by the employer. Id. The employer then made the determination that the letter amounted to nothing more than a "return to work slip" and terminated the employee soon thereafter. Id. The Colorado Court of Appeals determined that the employer violated the FMLA because it did not notify the employee that the "return to work slip" was inadequate as a medical certification. Id. Thus, concluded the court, the

8

employer did not provide the employee with an opportunity to cure the deficiency. Id. Such is not the case here where Dollar General received no documentation whatsoever from Urban prior to terminating her employment.[2]

Simply stated, the facts as they exist in both Jiminez and Trujillo are unlike those present here. It is undisputed that Urban failed to submit documentation of any kind to Dollar General within the specified deadline. Moreover, neither party argues that Dollar General did not properly notify Urban of the deadline or of the consequences in the event she failed to submit the required information. As such, the case law upon which Urban relies is unpersuasive.

Dollar General, meanwhile, cites the Seventh Circuit's decision in Rager v. Dade Behring, Inc., 210 F.3d 776 (7th Cir. 2000), as providing this Court with the proper guidance. In Rager, the employee reported her need to take leave on December 15, 1997, for an impending surgery to take place one week later on December 22. Id. at 777. The employer notified the employee that she might be eligible for leave under the FMLA, but that in order to receive such leave she would have to submit a medical certification within three weeks (one week longer than the minimum requirement as set

_____

[2] Although Urban maintains Dollar General ultimately received the certification, she concedes that any such receipt occurred after Dollar General made the decision to terminate her employment.

9

forth in 29 C.F.R. § 825.305(b)).[3] Id. at 778. Thereafter, on December 23, 1997, the day after the surgery, the employer again sent a letter requesting that the employee submit medical certification, restating that the deadline for doing so was January 12, 1998. Id. Approximately one week later, the employer, still not having received the certification, sent the employee a "Certification of Health Care Provider" form, followed two days later by another letter reiterating the deadline for her to complete and submit the requested documentation. Id. The deadline passed without the employee responding, and she was subsequently fired. Id.

The district court determined that the employer did not violate the FMLA by terminating the employee, and the Seventh Circuit affirmed. The Seventh Circuit concluded that the employee had been informed of the requirement to submit the appropriate medical certification, was notified of the consequences associated with her failure to do so, and was given the minimum 15-day period in which to provide that information. Id. Similarly, in the instant case, Urban was notified by Dollar General that she was required to submit the medical certification, and she was made aware of the consequences in the event she failed to comply. Also

---

[3] While the employee in Rager v. Dade Behring, Inc., 210 F.3d 776 (7th Cir. 2000), was not given a specific medical certification form at the time she was notified of her possible FMLA eligibility, as the Seventh Circuit observed, there is nothing in the FMLA that requires an employer to request medical documentation on a particular form. Id., at 778.

10

like the plaintiff in Rager, Urban was given more than the 15-day period to provide the necessary documentation, and in fact, received an extension from Dollar General in order to do so.

Secondarily, as a policy matter, Dollar General argues that to construe § 825.305(d) as Urban suggests, i.e., equating a non-existent medical certification to an "incomplete" one, would lead to results not contemplated by Congress when it enacted the FMLA. We find Dollar General's reasoning persuasive. It is the stated purpose of the FMLA to "balance the demands of the workplace with the needs of families" and "to entitle employees to take reasonable leave for medical reasons" in a "manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(1)-(3). Recognizing the balance Congress intended to strike, it would seem illogical to require an employer to continually notify an employee who failed to submit medical certification within a specified deadline.

Were this Court to adopt Urban's proposed application of § 825.305(d), an employer could never set a real deadline for the return of a medical certification. In effect, whenever an employee failed to return a medical certification within the appropriate time period, the employer would be required to notify the employee of that fact and provide the employee with an opportunity to cure the deficiency by allowing the employee to submit the certification within a new, extended deadline – a scenario that could, in theory, repeat itself ad infinitum. The bottom line, therefore, would be

11

that the concept of a "deadline" under § 825.305(d) would have no meaningful significance and no actual consequences. This would, in effect, create an imbalance where the "legitimate interests of employers" no longer receive the protections that Congress presumably intended to provide when it enacted the FMLA.

## CONCLUSION

Having carefully reviewed the entire record in this case, and having fully considered the parties' respective briefings and arguments, we conclude that Dollar General satisfied its statutory obligations under the FMLA before it terminated Urban's employment. We therefore REVERSE the district court's grant of summary judgment and RENDER judgment in favor of Dollar General.

12