United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 27, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-11276

———————————————

DEBBIE URBAN,

Plaintiff-Appellee,

v.

DOLGENCORP OF TEXAS, INC.,

Defendant-Appellant.

Appeal from the United States District Court for the
Northern District of Texas

ORDER ON REHEARING
(Opinion 12/8/04, 5th Cir., __ F.3d ___)

Before DeMOSS, STEWART, and CLEMENT, Circuit Judges.

Per Curiam:

The petition for panel rehearing is DENIED. The court, having considered the request for

rehearing, *amicus* brief, and response, clarifies the panel opinion as follows.

The district court granted partial summary judgment in favor of Urban, reasoning that

Dollar General was required to notify Urban pursuant to the cure provision in 29 C.F.R. §

825.305(d). *Urban v. Dolgencorp of Tex., Inc.*, 2003 U.S. Dist. LEXIS 15334 (N.D. Tex. Aug.

6, 2003). This Court, interpreting § 825.305(d), found that a non-existent medical certification is

not an "incomplete" certification for purposes of that subsection. *Urban v. Dolgencorp of Tex.,

Inc.*, 2004 U.S. App. LEXIS 25205 (5th Cir. Dec. 8, 2004). We hereby clarify that we

REVERSE the district court's grant of partial summary judgment as to Urban's 29 C.F.R. § 825.305(d) claim, and REMAND this case to the district court for further proceedings not inconsistent with our decision interpreting § 825.305(d).