In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1400

Julie A. Rager

Plaintiff-Appellant,

v.

Dade Behring, Inc.,

Defendant-Appellee.


Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 CV 0670--John C. Shabaz, Chief Judge.


Argued December 9, 1999--Decided April 10, 2000




  Before Posner, Chief Judge, and Coffey and Manion,
Circuit Judges.

  Posner, Chief Judge.  The Family and Medical Leave Act entitles an eligible employee to up to 12 weeks of leave during any 12 month period because of "a serious health condition." 29 U.S.C. sec. 2612(a)(1)(D). The employer may require certification from the employee's physician (or other health care provider) that the employee indeed has such a condition, 29 U.S.C. sec. 2613(a), but if he does so he must (if the health condition was unforeseeable) give the employee at least 15 calendar days in which to submit it. 29 C.F.R. sec. 825.305. (The employer can fix a more generous deadline if he wants, 29 U.S.C. sec. 2613; 29 C.F.R. sec. 825.305(b)--can, indeed, if he wants, dispense with the requirement altogether. See Thorson v. Gemini, Inc., No. 99-1656, 2000 WL 236404, at *7 (8th Cir. Mar. 3, 2000).) Although the regulations contain a sample certification form, 29 C.F.R. sec. 825 app. B, they do not require the employer to use it; but the employer is required to notify the employee promptly and in writing of the 15 day deadline and the consequences of not complying with it. sec.sec. 825.301, .305. This suit alleges a violation of the 15 day rule. The district judge granted summary judgment for the defendant, and so we must construe the facts as favorably to the

plaintiff as the record permits.

On December 15, 1997, Julie Rager, an FMLA-eligible employee of Dade Behring, became scheduled to have surgery a week later to excise an infected gland. She reported her impending absence for the surgery to her immediate supervisor the same day, and three days later discussed the matter with both her supervisor and a member of the company's human resources staff. She was told she'd be eligible for regular sick leave, or for paid short-term disability leave once she had 15 continuous days of absence, and she was given a form to complete if she thought she would qualify for the disability leave. The form required medical documentation. It was also explained to her that she might be eligible for longer, though unpaid, leave under the Family and Medical Leave Act, and so she was given a "Request for Family Leave" form as well and told that if she decided to seek family leave she would have to fill out still another form, namely a "Certification of Health Care Provider" form. She was not given that form, though it was made clear to her that she couldn't receive either short-term disability leave or family leave without medical documentation.

She dropped off her completed "Request for Family Leave" form on December 20 but didn't provide any medical documentation. The surgery was performed as scheduled on December 22, and the following day, still not having received any medical documentation from Rager, Dade Behring sent her a certified letter repeating the requirement of medical documentation and pointing out that the documentation required by the short-term disability form would suffice. The December 23 letter further informed her that unless she submitted the required documentation by January 12 she would be fired because of the number of unexcused absences from work that she would have accrued by then.

On December 29 the company sent her the "Certification of Health Care Provider" form because she was "requesting a medical leave under the Family and Medical Leave Act." A letter sent her two days later reiterated that she must submit any required medical documentation by January 12. The deadline passed without her responding, and so she was fired.

Rager argues that the 15 day period of notice to which the Act entitled her began to run on December 31 because that's when she received the "Certification of Health Provider" form; and she was terminated fewer than 15 days later. The company argues that the 15 day period began when Rager requested family leave on December 19, and

so ended well before January 12. Neither is correct. Remember that the Act does not require the employer to request medical documentation on a particular form. All that is required is that the employee be informed in writing that he or she has 15 days in which to submit proof of a serious health condition, and of the consequences if it is not submitted within the deadline, which in this case was termination because in the absence of an entitlement under the Family and Medical Leave Act the plaintiff had no excuse for being absent from work from December 22 on.

She was never told in writing in so many words that she had 15 days to submit the medical documentation required for family leave, and it is disputed whether she requested family leave on December 19. But the December 23 letter, by giving her a deadline of January 12 for submission of all required medical documentation whatever form of leave she was seeking, gave her all the information that the regulations required her to have, as well as more time to submit the documentation than the law requires. She had been told that the medical documentation required for short-term disability leave would suffice for family leave as well and had been given more than 15 days to furnish that documentation. She knew everything that the Act required that the employer tell her.

No doubt, however, like most other limitations periods, the 15 day deadline for submitting medical documentation, or whatever longer deadline the employer fixes, can be tolled, for example by conduct by the employer that is deemed to equitably estop him to plead the expiration of the deadline as a defense to liability under the Act. Had Dade Behring told Rager to forget about the January 12 deadline it had set--told her that she didn't have to submit her medical documentation until January 13--it could not have fired her for failing to submit it by January 12. Rager mentions equitable estoppel on one page of her brief, but has made no effort to establish its elements, and it is unlikely that she could do so. It had been made clear to her at the outset that she had to furnish medical documentation by January 12 or lose her job. And when it sent her the "Certification of Health Care Provider" form, Dade Behring did not say or hint that she had additional time to complete and submit it. She doesn't even argue that she relied on her (mis)understanding of the law as giving her 15 days from the receipt of the form, or that she even knew of such an entitlement. Yet without reliance both actual and reasonable, there can be no finding of equitable estoppel. Level 3 Communications, Inc. v. Federal Ins. Co., 168 F.3d 956, 959 (7th Cir. 1999); Hentosh v. Herman

M. Finch University of Health Sciences/The Chicago Medical School, 167 F.3d 1170, 1174 (7th Cir. 1999); Athmer v. C.E.I. Equipment Co., 121 F.3d 294, 296-97 (7th Cir. 1997); Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 147 n. 12 (3d Cir. 1999).

Another tolling provision that might come into play, equitable tolling, does not require any misleading conduct by the defendant, only that the circumstances be such that the plaintiff could not reasonably have been expected to act within the deadline. E.g., Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Athmer v. C.E.I. Equipment Co., supra, 121 F.3d at 297; Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998). This tolling provision is actually in the regulations, 29 CFR sec. 825.305(b), and so by implication equitable estoppel is as well, which is merely an aggravated form of equitable tolling. But equitable tolling is not argued and would not avail Rager if it were. She has given no reason why she could not have submitted the required medical documentation by January 12, or for that matter on the day of the surgery, December 22, when the surgeon told her she couldn't return to work for four weeks. There is no suggestion that during the period of her convalescence following the operation she was physically or mentally disabled in the slightest from attending to the paperwork requirements incidental to the operation. Even so, the form in which Dade Behring communicated to her the 15 day deadline was clumsy and potentially confusing; but she does not argue that she didn't understand, well before the 15 day period of required notice began to run, that she had to get the medical documentation to Dade Behring by January 12 in order to be eligible for family leave.

Affirmed.