**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 25, 2006[*]
Decided May 26, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 05-4118 | |
| | Appeal from the United States District |
| RASHIDAH MUHAMMAD, | Court for the Southern District of |
| *Plaintiff-Appellant,* | Indiana, Indianapolis Division |
| | |
| *v.* | No. 1:04-cv-1850-SEB-VSS |
| | |
| INDIANA BELL TELEPHONE | Sarah Evans Barker, |
| COMPANY, INC.,[**] | *Judge.* |
| *Defendant-Appellee.* | |

## O R D E R

Rashidah Muhammad appeals from the grant of summary judgment on her claim that her former employer, Indiana Bell Telephone Company, violated the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.,* by firing her for unexcused absences. She was already on probation for attendance violations when

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

[**] Indiana Bell Telephone Company, Inc., is the proper defendant, and is therefore substituted as defendant-appellee in both the caption and the text of this order. Fed. R. App. P. 43(b).

she missed work on two days in July. Indiana Bell determined that the absences were not covered by the Act, and fired her. She claims that her absences should have been excused because she submitted two prior medical certifications that reported her need for intermittent leave. We agree with the district court that these certifications were insufficient under the Act, and affirm.

Muhammad submitted the first certification at issue here in April after she was absent a number of times in February and March. The doctor who filled it out reported that she "was/will be incapacitated from 2/2/04 to 4/1/04" due to "chronic pelvic pain" from "pelvic adhesions," and Indiana Bell determined that those February and March absences were covered under the FMLA. Where the form asked if the employee would need intermittent leave, the doctor checked "Yes," in conflict with his own assessment that her period of incapacity had already ended on April 1. Asked for the expected frequency and duration of intermittent leave, the doctor wrote: one to two twelve-hour episodes per month.

Muhammad submitted the second certification at issue in June after she was absent four times in May and once in June.[1] The same doctor reported that she "was/will be incapacitated from 5/11/04 to 5/15/04" by her illness, and Indiana Bell determined that the May absences were covered under the FMLA. Once again, the doctor checked a need for intermittent leave, in conflict with his own assessment that her period of incapacity had ended May 15. This time he reported her need for intermittent leave as "1- to 2-days" duration and "unknown" frequency.

Muhammad was then absent July 1 and 2. Indiana Bell notified her that the June certification did not cover the absences. Although Indiana Bell recognized that the doctor who filled out the June certification anticipated her need for intermittent leave, he did not completely answer the question on the form. The form asked for the expected duration and frequency of episodes, and also how long the need for intermittent leave would continue. Muhammad's June certification specified only the expected duration of episodes. Indiana Bell warned her in writing that she must submit a proper certification for the July absences within 15 days or else the absences would not be covered by the Act. Muhammad did not respond. Indiana Bell accordingly notified her that it had denied coverage for the absences

---

[1]The June absence is not relevant on this appeal. Muhammad submitted a certification for that absence based on her child's illness. After initially rejecting it as late, Indiana Bell eventually accepted it as excusing the absence. Because the absence wasn't yet excused when Muhammad was fired, it was listed with the July absences as grounds for her termination, but the parties agree that since it was excused it no longer supports the termination.

and that she could appeal that denial within 15 days.  Once again Muhammad did nothing.  After the fifteen days passed, Indiana Bell fired her.

Muhammad then filed this complaint, for the first time asserting that the June certification, by providing for intermittent leave up to twice a month, provided all the information required under the Act to cover the two July absences.  At summary judgment she additionally claimed that the absences were also covered under the April certification.  The district court granted summary judgment, finding that Indiana Bell was entitled to demand the information, missing from each certification, about the expected frequency and duration of episodes, and the continuing need for leave.  And when Muhammad failed to provide that information, the court concluded, Indiana Bell was entitled to deny coverage and fire her.

On appeal Muhammad renews her contention that the April and June certifications were sufficient under the FMLA to entitle her to intermittent leave for the two July absences.  Turning first to the April certification, she argues that the reference to her needing intermittent leave one to two times per month was sufficiently detailed to cover the two days she was absent in July.

The FMLA affords those who cannot work as a result of a "serious health condition" up to 12 weeks of leave in a year. 29 U.S.C. § 2612(a)(1)(D); *Kauffman v. Federal Express Corporation*, 426 F.3d 880, 884 (7th Cir. 2005).  An employer can require an employee to substantiate his request for leave under the FMLA with a medical certification of his condition, and can require recertification "on a reasonable basis."  29 U.S.C. § 2613(a), (e); *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1002 (6th Cir. 2005); *Stoops v. One Call Commc'ns, Inc*, 141 F.3d 309, 312 (7th Cir. 1998).  For instance, when an employee requests leave for a chronic serious condition, the employer can generally demand recertification every 30 days.  *Stoops*, 141 F.3d at 312; 29 C.F.R. § 825.308(a).  If an employee's certification reports the need for intermittent leave, however, and specifies a "minimum period" for such leave that is longer than 30 days, the employer generally cannot demand recertification until that minimum period has passed.  *Id.* § 825.308(b)(2).

Although Muhammad is correct that the doctor who completed her April certification contemplated a need for intermittent leave one to two times per month, more than 30 days had passed by the time she was absent in July.  The doctor could have extended that 30 days by specifying a longer "minimum period," during which her need for intermittent leave would continue.  *See id.* § 825.308(b)(2).  But the only period of incapacity the doctor specified had already ended on April 4.  Accordingly, Indiana Bell was authorized under the FMLA to require a new certification by the time Muhammad requested intermittent leave in July.  *See*

*Stoops*, 141 F.3d at 312; 29 C.F.R. § 825.308(a), (b)(2).  As required under the regulations, Indiana Bell provided written notice, 29 C.F.R. § 825.305(a), gave Muhammad 15 days to respond, *id.* § 825.308(d), and warned her of the consequences of not complying, *id.* § 825.305(d).  Because Muhammad did not respond, Indiana Bell reasonably could conclude that her absences were unexcused and that it could take disciplinary action, including terminating her.  *See Radger v. Dade Behring, Inc.,* 210 F.3d 776, 778 (7th Cir. 2000); 29 C.F.R. § 825.311(b).

Muhammad also argues that the June certification should have been sufficient under the FMLA to entitle her to intermittent leave to cover the July absences.  That form certified that she would need intermittent leave in one- to two-day increments of "unknown" frequency.

When a doctor certifies that an employee needs intermittent leave, the employer is entitled to know how long the doctor thinks that need will continue, 29 U.S.C. § 2613(b)(6), and the expected frequency and duration of each episode, 29 C.F.R. § 825.306(b)(2)(ii), (iii); Dep't of Labor Form WH-380, 1.  If an employer concludes that a certification is incomplete, it must give the employee a reasonable opportunity to provide the missing information.  *Kauffman*, 426 F.3d at 886; 29 C.F.R. § 825.305(d).  The employee must provide the information requested.  *Brumbalough,* 427 F.3d at 1002; 29 C.F.R. § 825.311(b)

Muhammad's June certification did not contain a doctor's assessment of how long she would continue to need intermittent leave and how frequently she would need it.  It stated only that her need for leave was: "patient driven, so when she experiences this pain she may need 1-2 days off work."  Indiana Bell was entitled to require Muhammad to obtain within 15 days the doctor's assessment of how often she would be incapacitated, and until when.  *See* 29 U.S.C. § 2613(b)(6); 29 C.F.R. § 825.306(b)(2)(ii), (iii).  When she did not, Indiana Bell properly found the absences not covered.  *See Brumbalough*, 427 F.3d at 996; 29 C.F.R. § 825.311(b).

AFFIRMED.