FILED
United States Court of Appeals
Tenth Circuit

**April 15, 2008**

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

TONY BASS,

      Plaintiff-Appellant,

v.

JOHN E. POTTER, in his official capacity
as Postmaster General of the United States
Postal Service; UNITED STATES
POSTAL SERVICE,

      Defendants-Appellees.

No. 06-5149

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
(D.C. No. 05-CV-0220-TCK-FHM)**

---

Roland V. Funk, Tulsa, Oklahoma, for Plaintiff-Appellant.

Cathryn D. McClanahan, Assistant United States Attorney (David E. O'Meilia, United States Attorney, with her on the brief), Tulsa, Oklahoma, for Defendants-Appellees.

---

Before **MURPHY, SEYMOUR,** and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

The Family Medical Leave Act (FMLA) mandates that certain employers provide employees suffering from a serious medical condition up to twelve weeks of unpaid leave per year. See 29 U.S.C. § 2612(a)(1)(D). Employees, however, have several duties concomitant to this right. For instance, an employer may require an employee submit medical certification documenting his medical condition before the employer authorizes FMLA leave. See 29 U.S.C. § 2613(a); 29 C.F.R. § 825.305(b); see also id. § 2613(b)(2) (a "sufficient" certification is one that, *inter alia*, states "the probable duration of the condition"). FMLA regulations outline the medical certification process, including the respective duties of the employer and employee. See, e.g., 29 C.F.R. §§ 825.305, 825.308(d). The regulations also set forth the remedies available to an employer when an employee fails to provide a medical certification as prescribed by law. 29 C.F.R. § 825.311(b). This appeal presents the question of whether a jury could reasonably conclude that Defendant-Appellee United States Postal Service (USPS) "willful[ly]" violated the FMLA in denying Plaintiff-Appellant Tony Bass's request for FMLA leave. See 29 U.S.C. § 2617(c)(2).

The FMLA's three-year statute of limitations applies only to cases brought for "willful" violations of the FMLA. Id. All other FMLA claims are subject to a two-year limitations period. Id. § 2617(c)(1). Plaintiff filed the underlying FMLA interference claim more than two years, but less than three years, after his FMLA claim accrued. See id. Plaintiff maintains USPS willfully violated the FMLA by refusing to accept his medical certification and, on that basis, denying his request for FMLA leave. The district court

2

disagreed and granted summary judgment in USPS' favor. On appeal, Plaintiff contends the district court erred in concluding that the FMLA's three-year limitations period is inapplicable. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

I.

We recount only those underlying and procedural facts material to resolving the instant appeal. Plaintiff worked for USPS from 1993 until May 31, 2002, when USPS terminated his employment. Plaintiff had a history of failing to abide by USPS' attendance and leave policies. Plaintiff's attendance problems were apparently sufficiently serious that they prompted USPS, in September 2000, to take "removal action" against Plaintiff. Plaintiff returned to work in December 2000, however, under a "Last Chance Agreement" (LCA). The LCA afforded Plaintiff a "final" opportunity to continue his employment on certain terms. Plaintiff's LCA mandated that if he violated USPS' attendance and leave requirements again, he would be terminated. Plaintiff had additional attendance issues and, on February 20, 2002, acknowledged his breach of the LCA. Rather than terminating Plaintiff, USPS gave Plaintiff another chance and extended the LCA's terms for an additional eight months. Hence, at the time Plaintiff requested FMLA leave on March 6, 2002, the request spawning this litigation, he was employed under the LCA.

No later than August 28, 2001 — the date Plaintiff submitted his first medical certification (first certification) — USPS was made aware that Plaintiff suffered from chronic lower back pain, which typically reoccurred several times per year. On March 6, 2002, a bout of back pain caused Plaintiff to be absent from work and, accordingly, to request FMLA

3

leave. The next day, March 7, 2002, USPS' Acting FMLA Coordinator Jack Lapp wrote Plaintiff to inform him that his first certification was incomplete.

Specifically, Lapp noted Plaintiff's first certification lacked the requisite information regarding the typical frequency and duration of his chronic back pain. Lapp explained: (1) "information relevant to frequency and duration **must** be completed," (2) "[p]hrases such as 'unknown, indefinite, intermittent and occasionally' are not acceptable," but (3) approximations (e.g., "3-5 days every 3-4 months") were permissible. See Appellant's Appx. at 59 (emphasis in original) (additional emphasis omitted). Second, Lapp's letter underscored Plaintiff's sixteen unscheduled absences during the preceding ninety-day period. Further Lapp specified that unless Plaintiff submitted a complete certification within fifteen days of receiving the March 7 letter, his leave would not qualify under the FMLA and he would be subject to possible disciplinary action by USPS. Third, Lapp indicated that if Plaintiff was unable to comply with the March 23, 2002 deadline, Plaintiff was required to contact him to "arrange for a reasonable time within which to provide it."[1] See id. The March 7 letter also enclosed a blank certification form and literature explaining Plaintiff's FMLA rights. Shortly thereafter, Lapp met with Plaintiff to discuss these issues.[2]

---

[1] The parties do not squarely address whether USPS' March 7, 2002 request was one for a "certification," see 29 U.S.C. § 2613(a), or "recertification," see id. § 2613(e). Plaintiff's opening brief uses the terms interchangeably; USPS' brief did not comment on the issue. As such, we express no opinion on the matter. See infra Part II.B (demonstrating that regardless of whether USPS' March 7 request was one for a medical "certification" or "recertification," Plaintiff's position is unavailing).

[2] USPS used Form WH-380. The Department of Labor developed Form WH-380
(continued...)

4

On March 21, 2002, Plaintiff timely submitted a second medical certification (second certification). Like the first certification, the second certification's frequency and duration information proved inadequate. By generic letter dated March 28, 2002, USPS' FMLA Coordinator Linda Daniels notified Plaintiff that he was scheduled for a mandatory, April 2, 2002, FMLA consultation to review his FMLA-related documentation. Daniels then met with Plaintiff and expressly informed him of the second certification's deficiencies. She also imposed a second, April 16, 2002 deadline by which Plaintiff was required to submit a completed certification.

On April 4, 2002, Plaintiff made an appointment with his health care provider to obtain the required frequency and duration information. The earliest available appointment was on April 23, 2002.[3] Plaintiff claims he informed someone who worked for Daniels that he would be unable to meet the April 16 deadline. Plaintiff does not, however, identify or describe who he spoke with or clarify whether he contacted Daniels' office directly. Daniels, as well as the two people responsible for taking messages, denied receiving such a message from Plaintiff.

In any event, Plaintiff missed the April 16 deadline. On April 18, 2002, Daniels sent

[2](...continued)
to "meet[] FMLA's certification requirements." See 29 C.F.R. § 825.306(a).

[3] Plaintiff presented a medical note to the USPS from the Muskogee, Oklahoma Veterans Administration Medical Center, which indicated Plaintiff: (1) requested an appointment, in person, on April 22; and (2) was seen on April 23. The note stated further that, though no documentation existed of Plaintiff requesting an appointment on April 4, if he had only spoken to a clerk no such documentation would exist.

Plaintiff a letter disapproving his FMLA leave request. Daniels noted that forty-two days had elapsed since March 7, the date USPS first advised Plaintiff he needed to provide proper frequency and duration information. She further noted that at their April 2 meeting she had advised Plaintiff that his failure to submit the requisite information would result in disapproval of all conditionally-approved FMLA leave taken after March 6. Nevertheless, Plaintiff had still not submitted a completed medical certification form or indicated that he would be unable to so by the April 16 deadline. Daniels recited governing regulation 29 C.F.R. § 825.311(b)'s requirements regarding medical certifications. Next, she outlined Plaintiff's absences from March 6, 2002 through April 17, 2002 and stated that they would be changed from conditionally approved FMLA leave to unexcused absences, subjecting Plaintiff to corrective action. See Appellant's Appx. at 75-76. Lastly, Daniels stated that, even if Plaintiff submitted a completed medical certification, the dates listed would not be changed to approved FMLA leave. Rather, USPS would treat the submission of a proper certification as a request for FMLA leave from the date USPS received such documentation.

On April 23, 2002, Plaintiff's supervisor made a "Disciplinary Action Request" based on Plaintiff's failure to "document his unscheduled absences and late or no call-ins since March 6, 2002." That same day, Plaintiff's health care provider examined him and provided the frequency and duration information USPS required (certification record).[4] Plaintiff did

---

[4] The parties refer to the April 23 document as the "third certification." In fact, the document is simply a medical record. See Appellant's Appx. at 77. More precisely, it is a letter from a physician's assistant, to "whom it may concern," recognizing that

(continued...)

not, however, submit that document to USPS until April 29, 2002, when he returned to work.

USPS concedes the certification record cured the deficiencies in Plaintiff's earlier certifications. Indeed, Daniels testified that, had Plaintiff provided the certification record by the deadline, she would have deemed Plaintiff's post-March 6 absences approved FMLA leave. Because Plaintiff failed to do so by April 16, however, Daniels refused to excuse those absences under the FMLA. On April 29, the USPS plant manager where Plaintiff worked issued him a "Notice of Proposed Removal," citing Plaintiff's multiple unexcused absences between March 6 and April 17, which put him in breach of the LCA. Ultimately, USPS terminated Plaintiff's employment on May 31, 2002.

## II.

Plaintiff filed his Complaint on April 21, 2005, alleging USPS willfully interfered with his right to FMLA leave in violation of 29 U.S.C. § 2615(a)(1).[5] USPS filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, arguing FMLA's two-year statute of limitations barred Plaintiff's Complaint. See id. § 2617(c)(1). The district court converted USPS' motion into

---

[4](...continued)
Plaintiff suffered from "acute exacerbations of low back pain, requiring analgesia, rest, and physical therapy" and detailing the average frequency and duration of his debilitating episodes of back pain. See, e.g., id. ("[Plaintiff] has averaged approximately 4-6 exacerbations per year which caused him to miss an average of 3-6 days of work on each occasion. One would expect a similar pattern to continue.").

[5] The necessary elements of an FMLA interference claim are: (1) plaintiff's entitlement to FMLA leave; (2) an adverse action by plaintiff's employer, which interfered with plaintiff's right to take FMLA leave; and (3) a showing that the employer's adverse action was related to plaintiff's exercise of, or attempt to exercise, his FMLA rights. See Campbell v. Gambro Healthcare, Inc., 478 F.3d 1282, 1287 (10th Cir. 2007).

7

a Fed. R. Civ. P. 56(c) motion for summary judgment. After providing the parties notice and an opportunity to present evidence, the district court granted summary judgment in USPS' favor. Plaintiff appeals, contending that a genuine issue of material fact remains as to whether Plaintiff's claim is for a "willful violation" of the FMLA. We review de novo a district court's grant of summary judgment, applying the same legal standard employed by the district court. See Yaffe Cos., Inc. v. Great Am. Ins. Co., 499 F.3d 1182, 1184-85 (10th Cir. 2007). De novo review also applies to a district court's ruling on the applicability of a statute of limitations. See Wright v. Sw. Bell Tel. Co., 925 F.2d 1288, 1290 (10th Cir. 1991). On appeal, Plaintiff argues that a genuine issue of material fact remains as to whether USPS' conduct was "willful" because USPS failed to give Plaintiff a reasonable opportunity to respond to USPS' request for medical documentation supporting his FMLA request. Plaintiff further contends that although the district court recited the correct standard of "willfulness," it actually applied a more stringent, erroneous standard. We disagree.

A.

We first address the meaning of "willful" for § 2617(c)(2) purposes. Generally, a FMLA claim "may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought." "[W]illful" FMLA violations are, however, subject to a three-year statute of limitations. Id. § 2617(c)(2). Section 2617(c)(2) provides in full: "In the case of such action brought for a willful violation of [§] 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought."

8

The FMLA does not define the term "willful" and, to date, the Supreme Court has not spoken to its meaning under § 2617(c)(2). See Samuels v. Kansas City, Missouri Sch. Dist., 437 F.3d 797, 803 (8th Cir. 2006). In McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988), however, the Supreme Court construed the term "willful" under the Fair Labor Standards Act's (FLSA) analogous statute of limitations-period provision. Under McLaughlin's willfulness standard, a plaintiff must show that "the employer either *knew or showed reckless disregard* for the matter of whether its conduct was prohibited by the statute." McLaughlin, 486 U.S. at 133 (emphasis added) (adopting the willfulness standard for Age Discrimination in Employment Act claims articulated in Trans World Airlines, Inc. v. Thurston, 469 U.S. 111, 128-29 (1985)). As the McLaughlin Court reasoned:

> In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is *not merely negligent* . . . .
>
> * * * *
>
> If an employer acts reasonably in determining its legal obligation, its action cannot be deemed willful . . . . [Even] [i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation . . . [its conduct is not willful]."

Id. at 133, 135 n.13 (emphasis added).

We have not previously addressed FMLA's three-year limitations period in a published decision. But, importantly, our sister circuits have applied McLaughlin's standard to FMLA's three-year statute of limitations. See, e.g., Hoffman v. Prof'l Med. Team, 394 F.3d 414, 417-18 (6th Cir. 2005) (adopting McLaughlin's reasoning); Porter v. New York

9

Univ. Sch. of Law, 392 F.3d 530, 531 (2d Cir. 2004) (per curiam) (same); Hanger v. Lake County, 390 F.3d 579, 583 (8th Cir. 2004) (same); Hillstrom v. Best W. TLC Hotel, 354 F.3d 27, 33 (1st Cir. 2003) (same). As the First Circuit explained, employing the FLSA's willfulness standard to the FMLA claims makes eminent sense:

> McLaughlin, a 1988 decision, predated the 1993 enactment of the FMLA. The statutes use the term "willful" in similar ways and in identical contexts: both provide for a two-year statute of limitations except in cases of willful violations, when a three-year limitations period applies. When enacting the FMLA, Congress is presumed to have known the definition that the Supreme Court had given to the term "willful."

Hillstrom, 354 F.3d at 33-34; see also Porter, 392 F.3d. at 532 (adopting Hillstrom's reasoning).

We find our sister circuits' reasoning sound and hold that McLaughlin's willfulness standard applies to the FMLA. Compare 29 U.S.C. § 2617(c)(2), with 29 U.S.C. § 255(a). For § 2617(c)(2)'s three-year statute of limitations to apply, a plaintiff must demonstrate that his employer "knew or showed reckless disregard" for whether its conduct was prohibited by the FMLA. McLaughlin, 486 U.S. at 133; see also Hanger, 390 F.3d at 584 (noting that, under McLaughlin's willfulness standard, "an employer's general knowledge regarding a statute's potential applicability does not prove willfulness"). Applying this standard, we turn to the instant appeal.

## B.

In this case, the facts Plaintiff presents do not demonstrate that USPS' conduct rises to the level of a "willful" FMLA violation. See 29 U.S.C. § 2617(c)(2). We underscore that

10

the question presented is *not* — and we expressly do not determine — whether USPS violated the FMLA or its regulations. Rather, we must only assess whether a genuine issue of material fact exists as to whether USPS willfully violated the Act. We further note the case law dictates that — even if some *intent* to avoid the FMLA's consequences is evidenced — a finding of willfulness will not necessarily follow where the employer tried to comport with the law and tenable reasoning undergirded its conduct. See Hoffman, 394 F.3d at 420 (emphasis added). Our review of the record in light of the applicable law reveals that USPS endeavored to comply with FMLA's medical certification process. See, e.g., 29 C.F.R. §§ 825.305, 825.308(d).

For example, FMLA regulation § 825.305, entitled "When must an employee provide medical certification to support FMLA leave?," provides in relevant part:

> An employer must give notice of a requirement for medical certification each time a certification is required . . . . In most cases, the employer should request that an employee furnish certification from a health care provider at the time the employee gives notice of the need for leave . . . . At the time the employer requests certification, the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification. The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency.

29 C.F.R. §§ 825.305(a), (c)-(d). USPS clearly adhered to these strictures. The day after Plaintiff requested FMLA leave on March 6, Lapp informed Plaintiff his second certification was incomplete. See id. § 825.305(d). At that time, Lapp also advised Plaintiff of his rights and obligations under the FMLA in writing. See id. § 825.305(a), (c). Lapp further explained the consequences that would result if Plaintiff failed to timely submit a sufficient

11

certification to USPS. See id. § 825.305(d). Moreover, Lapp thereafter met with Plaintiff to further explain the certification process.

When Plaintiff's second certification proved deficient, USPS promptly scheduled a second meeting with Plaintiff to explain that — like the first certification — the second certification failed to detail the duration and frequency of Plaintiff's medical condition. See id. § 825.305(a), (c)-(d). Only after Plaintiff failed to meet the second, April 16, deadline for providing a complete certification did USPS deny Plaintiff's FMLA leave request. Put simply, Plaintiff presented no evidence to suggest that USPS knowingly violated, or acted in reckless disregard of, the FMLA's strictures. Plaintiff, therefore, failed to demonstrate any material issue of fact remains on the question of willfulness.[6] See 29 U.S.C. § 2617(c)(2); see also Hoffman, 394 F.3d at 419-20 ("Cases under the ADEA and FLSA" — statutes analogous to the FMLA — "have found willfulness most frequently in situations in which the employer deliberately chose to avoid researching the law's terms or affirmatively evaded them." (collecting cases)).

1.

Plaintiff's arguments to the contrary are unavailing. Plaintiff first insists USPS

---

[6] Plaintiff also attempts to demonstrate willfulness on USPS' part by noting it initially permitted his FMLA leave, but later disapproved it. This argument only merits noting that USPS made clear — as evidenced by the leave request forms — that it was *conditionally* approving Plaintiff's FMLA leave, starting on March 6, 2002, subject to his submitting proper medical documentation of his condition.

wilfully violated 29 C.F.R. § 825.311(b).[7] See id. Assuming without deciding that USPS violated 29 C.F.R. § 825.311(b), we cannot find that USPS' refusal to approve Plaintiff's FMLA leave request amounted to a willful violation of the FMLA under the facts presented. See 29 U.S.C. § 2617(c)(2). USPS gave Plaintiff specific written notice of his rights and obligations under the FMLA, specifically describing his obligation to provide a sufficient medical certification requirement and the consequences that would follow if he failed to do so by the stated deadline. Cf. Perry v. Jaguar of Troy, 353 F.3d 510, 513-14 (6th Cir. 2003) (recognizing that "when an employee first asks for FMLA leave, the employer must give specific written notice of the employee's obligations, including the duty to provide medical certification and the consequences for failing to do so"). Plaintiff produced *no evidence* that USPS knowingly violated or acted in reckless disregard of FMLA's requirements when it enforced its April 16 deadline and subsequently refused to consider Plaintiff's certification record.[8] USPS' actions in April came *after* it afforded Plaintiff numerous opportunities to

---

[7] In pertinent part, 29 C.F.R. § 825.311(b) provides:
[A]n employee must provide certification (or recertification) within the time frame requested by the employer (which must allow at least 15 days after the employer's request) or as soon as reasonably possible under the particular facts and circumstances . . . . If an employee fails to provide a medical certification within a reasonable time under the pertinent circumstances, the employer may delay the employee's continuation of FMLA leave. If the employee never produces the certification, the leave is not FMLA leave.
29 C.F.R. § 825.311(b).

[8] To the extent Plaintiff argues that establishing the April 16, 2002 deadline itself constituted a "willful" FMLA violation, this position lacks merit. FMLA regulations clearly direct employers to allow employees at least fifteen days to provide the requested certification. See 29 C.F.R. § 825.305(b) (certifications); id. § 825.308(d)

(continued...)

13

submit the requested frequency and duration information. On March 7, 2002, USPS gave Plaintiff detailed, written notice of his duty to provide a completed medical certification within fifteen days and specifically explained the first certification's deficiencies. Lapp met with Plaintiff personally to discuss these issues. Daniels met with Plaintiff on April 2, 2002 and explained the frequence and duration information remained incomplete in his second certification. At the April 2 meeting, Daniels and Plaintiff agreed Plaintiff would submit a complete medical certification by April 16. Nevertheless, Plaintiff did not submit the required frequency and duration information until April 29, the date he returned to work.

2.

Plaintiff next marshals equitable reasons in support of his position that USPS' conduct amounted to a "willful" FMLA violation. First, Plaintiff emphasizes that, at his deposition, he testified that he believed he needed to submit the required information by April 16 *or* "as soon as practical." The Court of Appeals for the Seventh Circuit has recognized:

> No doubt, however, like most other limitations periods, the 15 day deadline for submitting medical documentation . . . can be tolled, for example by conduct by the employer that is deemed to equitably estop him to plead the expiration of the deadline as a defense to liability under the Act.

Rager v. Dad Behring, Inc., 210 F.3d 776, 778 (7th Cir. 2000) (affirming summary judgment

---

[8](...continued)
(recertifications). USPS maintains the April 16, 2002 did not violate FMLA regulations because *forty-two* days had passed since Lapp informed Plaintiff his first certification was deficient. We need not decide this issue for, even if the April 16 deadline violated FMLA regulations, such an error — without more — clearly does not constitute willfulness. See 29 U.S.C. § 2617(c)(2); see McLaughlin, 486 U.S. at 133.

14

for employer where employee failed to timely submit certification). To the extent Plaintiff makes an equitable estoppel argument, we find it unavailing. Equitable estoppel requires a showing of "both actual and reasonable" reliance on USPS' allegedly misleading conduct. See id. at 779. Here, even if Plaintiff demonstrated actual reliance on Daniels' statements, he failed to show reasonable reliance thereon. Even after Plaintiff obtained the certification record, he simply did not provide that information to USPS "as soon as practical." Plaintiff obtained the certification record on April 23, 2002; he did not provide it to USPS until April 29, 2002, nearly a week later.

Second, Plaintiff invokes 29 C.F.R. § 825.305(b)'s equitable tolling provision. Section § 825.305(b) provides in relevant part:

> [T]he employee must provide the requested certification to the employer within the time frame requested by the employer (which must allow at least 15 calendar days after the employer's request), *unless it is not practicable under the particular circumstances to do so despite the employee's diligent, good faith efforts.*

29 C.F.R. § 825.305(b) (emphasis added). Equitable tolling, unlike equitable estoppel, "does not require any misleading conduct by the defendant, only that the circumstances be such that the plaintiff could not reasonably have been expected to act within the deadline." Rager, 210 F.3d at 779.

Here, while Plaintiff produced some evidence that the earliest available appointment with his health care provider was April 23, Plaintiff "has given no reason why []he could not have submitted the required medical documentation" before April 29. See id. Plaintiff failed to introduce any evidence suggesting his back condition prevented him from, for instance,

15

mailing or faxing the certification record to USPS directly following his April 23 appointment.  See Rager, 210 F.3d at 779.  Such holes in the record are quite material in assessing whether a genuine issue of material fact remains as to whether USPS' actions amounted to a "willful" FMLA violation.

3.

Finally, Plaintiff argues that, under the totality of the circumstances, a genuine issue of material fact remains regarding whether USPS' refusal to accept the April 23 certification record on April 29 constituted a "willful" FMLA violation.  Plaintiff specifically underscores:  (1) his position that USPS arbitrarily imposed the April 16 deadline to allow it the opportunity to categorically deny Plaintiff's leave request; (2) USPS disapproved Plaintiff's leave request on April 18, the sixteenth day after Daniels' April 2 request for the missing information; (3) Plaintiff diligently tried to meet the April 16 deadline and provide USPS with the requested medical information in a timely manner; (4) USPS terminated Plaintiff after denying his FMLA leave request; and (5) USPS' FMLA Coordinator was involved in these actions.[9]  Plaintiff argues that, taken together, these factors demonstrate

---

[9]  On appeal, Plaintiff also attempts to evidence USPS' willfulness by suggesting that, in fact, Plaintiff's second certification *was* adequate (*i.e.*, noting that the form stated Plaintiff previously experienced four to six episodes of back pain annually).  Appellant's Br. at 10, 23-26.  The district court, however, found Plaintiff failed to raise this argument, and noted further that, "to the extent Plaintiff" raised that ground, that type of discretionary decision could not constitute a "willful" FMLA violation.  See District Ct. Order at 4 n.4 (noting adequacy of March 2002 certification was "not the basis of Plaintiff's" willfulness argument).  Because "the theory in question was not presented . . . to the district court," the issue "is not properly before us" and we need not comment

(continued...)

16

Plaintiff provided the certification record within a reasonable period of time and, hence, USPS' conduct constituted a willful FMLA violation.

Primarily for reasons discussed above, we cannot agree. Even if USPS' disapproval of Plaintiff's FMLA leave contravened 29 C.F.R. § 825.311(b) in denying — rather than delaying approval of — Plaintiff's FMLA leave request, it certainly did not rise to the level of willful conduct. USPS' refusal to give Plaintiff an unlimited time within which to submit documentation supporting his FMLA leave request does not evidence a willful violation of the FMLA. See 29 U.S.C. § 2617(c)(2).

Finally, we note that, clearly, USPS' denial of Plaintiff's FMLA leave rendered his absences in March and April 2002 unexcused; this, in turn, meant Plaintiff was in breach of the extended Last Chance Agreement and precipitated his termination. But Plaintiff failed to evidence — regardless of what his bare allegations may insinuate — that USPS used Plaintiff's failure to comply with his obligation to timely submit a complete medical certification as a ruse to terminate his employment. Seemingly, Plaintiff asks us to view USPS' conduct in a vacuum, without considering his history of unscheduled absences and problems comporting with USPS' leave policy. The summary judgment standard requires no such thing. See Riggs v. AirTran Airways, Inc., 497 F.3d 1108, 1116 (10th Cir. 2007)

---

[9](...continued)
further. See Hokansen v. United States, 868 F.2d 372, 378 (10th Cir. 1989); see also FDIC v. Noel, 177 F.3d 911, 915 (10th Cir. 1999) ("'A federal appellate court will not consider an issue not passed on below.'" (quoting Singleton v. Wulff, 428 U.S. 106, 120 (1976)).

17

(nonmovant "must proffer some *probative* evidence that would be sufficient to sustain h[is] *burden of persuasion* at trial" (emphasis added)).

Affording Plaintiff the benefit of all proper inferences from the record evidence, Plaintiff failed to proffer facts sufficient to withstand summary judgment. See id.; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (explaining that "a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."). As such, Plaintiff's claim is barred by the FMLA's two-year limitations period.[10] See McLaughlin, 486 U.S. at 133.

AFFIRMED.

---

[10] Nor is Plaintiff's final contention availing. Plaintiff argues that, assuming the district court cited the proper definition of "willful," the district court actually held Plaintiff to a higher standard. As we concluded above, however, the record simply does not contain any evidence that USPS acted willfully. The district court, employed McLaughlin's definition of willful, which today we expressly adopt. The district court's well-reasoned decision does not reveal that, in applying that standard, that Plaintiff was held to higher benchmark.