FILED
United States Court of Appeals
Tenth Circuit

December 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DOUGLAS JAY WEST,

        Plaintiff-Appellant,

v.

WARDEN, Fremont C.F.; CHARLES
OLIN, Director of
Mental Health/SOTP, Fremont C.F.;
JOHN MCGILL, Therapist, Mental
Health/SOTP, Fremont C.F.,

        Defendants-Appellees.

No. 08-1168
(D.C. No. 1:06-CV-1805-WYD-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Plaintiff-appellant Douglas Jay West, a prisoner of the State of Colorado appearing pro se, appeals from orders of the district court that dismissed some of his claims and granted summary judgment to defendants on the remaining claims

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in this civil rights suit brought pursuant to 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Appellant was convicted in state court of attempted sexual assault and was undergoing treatment through the Sex Offender Treatment Program (SOTP) while incarcerated at the Fremont Correctional Facility. He was terminated from the SOTP in April 2002. He was readmitted, but terminated again in July 2003. He has not been readmitted to the SOTP.

Appellant filed this suit, alleging that: (1) he was unfairly denied the opportunity to complete the SOTP; (2) he was terminated from the SOTP unfairly and due to negligence on the part of medical personnel; (3) defendants Olin and McGill were biased and prejudiced against him, deliberately depriving him of the opportunity to complete the program; (4) he was unfairly denied good time credits on account of his termination from the program; (5) he has been given an excessively high classification disproportionate to his offense; and (6) prison officials did not consider his bipolar disorder when deciding to terminate him from the program.

In an order filed on October 12, 2006, the district court dismissed, as legally frivolous, appellant's claims against the Warden of the Fremont Correctional Facility because appellant did not assert that the Warden personally participated in the alleged constitutional violations. *See* R., Doc. 6. In response to defendants-appellees' subsequent motion for summary judgment, the magistrate

judge recommended in a report filed on February 1, 2008, that the motion be granted. *Id.*, Doc. 77, at 16. The magistrate judge reasoned that to the extent that appellant was attempting to sue appellees in their official capacities for monetary damages, those claims should be dismissed based on appellees' sovereign immunity under the Eleventh Amendment. *Id.* at 4-5. The magistrate judge further reasoned that appellant's second and fourth claims were barred by the applicable statute of limitations, but that claims one, three, five, and six were not time-barred. *See id.* at 5-12. The magistrate judge nevertheless concluded that appellees were entitled to qualified immunity on claims one, three, five, and six. *Id.* at 12-16. Appellant filed objections to the magistrate judge's report. *Id.*, Doc. 78. The district court adopted the magistrate judge's recommendation and granted summary judgment in favor of appellees. *Id.*, Doc. 79.

To the extent that appellant's claims were dismissed based on appellees' sovereign immunity, we review the dismissal de novo. *See Melton v. City of Okla. City*, 879 F.2d 706, 726 (10th Cir. 1989). We review the grant of summary judgment on appellant's remaining claims de novo. *Bass v. Potter*, 522 F.3d 1098, 1102 (10th Cir. 2008). "De novo review also applies to a district court's ruling on the applicability of a statute of limitations." *Id.* Because appellant is pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam).

Appellant raises twelve arguments on appeal: (1) whether plaintiff had a liberty interest per statutory legislation to participate in the mandated SOTP; (2) whether defendants Olin and/or McGill deliberately, or through negligence, obstructed plaintiff's right to due process in violation of the 14th Amendment; (3) whether plaintiff had a statutorily or constitutionally protected right to an evidentiary hearing prior to his termination from the SOTP; (4) whether plaintiff has been illegally classified to his detriment as a sexually violent predator as a result of defendants' recommendation; (5) whether plaintiff's ability to exhaust administrative remedies (i.e., the grievance process), in order to comply with guidelines for the filing of a § 1983 civil claim was constructively prevented by defendants' negligence and/or deliberate acts of deception, falsity and misinformation; (6) whether such deliberate misinformation, designed to mislead plaintiff to believe he would be reinstated and/or reenrolled into the SOTP, thus effectively influencing plaintiff to discontinue pursuit of remedy via the grievance process, justified equitable tolling with respect to the statute of limitations; (7) whether supervising officials, in addition to the named defendants, are liable in their capacity as supervisors of the defendants for injury to the plaintiff; (8) whether gross negligence on the part of defendants is cause for an award of monetary damages to plaintiff; (9) whether gross negligence on the part of defendants caused plaintiff to be denied good time credits that otherwise would have been awarded to plaintiff, because plaintiff was mandated to participate in

-4-

the SOTP from which he was terminated without due process, creating a "Catch-22" situation whereby plaintiff lost the opportunity to earn early release from prison, the same opportunity given to other inmates in the CDOC; (10) whether plaintiff's constitutional rights were violated by actions of defendants, and whether those rights were clearly established at the time of defendants' conduct; (11) whether plaintiff had stated "no material facts" to support his claims; and (12) whether defendants are justifiably entitled to qualified immunity and/or sovereign immunity (based upon the 11th Amendment) in view of evidence presented by plaintiff.

As argument, appellant merely restates some of his issues on appeal; he presents no reasoned argument supported by legal authorities or citation to the record on appeal. Nevertheless, we have carefully reviewed the magistrate judge's recommendation and the district court's orders in light of the parties' arguments, the record on appeal, and the governing law. We are unpersuaded by appellant's arguments and affirm for substantially the reasons stated by the district court.

The judgment of the district court is AFFIRMED.  Appellant's motion to proceed in this court without prepayment of costs and fees is DENIED.  Appellant shall pay the fees within thirty days of the date of this order.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge