**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2017[*]
Decided September 21, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1263

| | |
|---|---|
| TONY C. FRANKLIN, | Appeal from the United States District |
|     *Plaintiff-Appellant,* | Court for the Eastern District of |
| | Wisconsin. |
|     *v.* | |
| | No. 14-CV-1188 |
| WILLIAM WARMINGTON and CITY OF | |
| RACINE, | William E. Duffin, |
|     *Defendants-Appellees.* | *Magistrate Judge*. |

**O R D E R**

Tony Franklin brought this action under 42 U.S.C. § 1983 against the City of Racine and a former Racine police officer, who, he asserts, violated his Fourth Amendment rights by forcibly removing him from a vehicle. The district court granted

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the defendants summary judgment based on their statute-of-limitations defense. Franklin, the court explained, filed the lawsuit more than one year after the statute of limitations had passed, and the defendants were not equitably estopped from asserting this defense. On appeal Franklin asks us to adopt a new approach for applying equitable estoppel. We affirm.

As Franklin recounts, he was a passenger in a van driven by Michelle Warmington in May 2007 when they were pulled over by William Warmington, a Racine police officer—and her husband. Upset that Franklin was with his wife, William Warmington grabbed him from the van and slammed him onto the cement, causing injuries to his hands, chest, and face. Warmington then asked Franklin why he was with his wife and threatened to kill him. Other officers arrived at the scene and eventually allowed Franklin to leave. Warmington contests only two details of this account; he says that he merely "directed" Franklin to the ground after pulling him out of the van and that he never threatened him. The two men had no further interactions.

Franklin later heard from others that Warmington had threatened to kill him "for messing with his wife." Roughly three months after the confrontation, Franklin wrote to the Racine Police Department about the traffic stop and reported a death threat from Warmington that a friend had conveyed to him. The police department informed Franklin several months later that it had investigated the matter and that "appropriate corrective action [had] been taken."

In 2014 Franklin sued Warmington and the City of Racine, asserting that Warmington unlawfully seized him during the 2007 traffic stop. Franklin explained that he delayed bringing this suit because he recently had learned that Warmington moved out of state (Warmington joined a police department in Florida in 2009) and only at this point did he "feel comfortable" enough to sue him.

The district court granted the defendants' motion for summary judgment, determining that Franklin's claim was barred by Wisconsin's six-year statute of limitations for personal-injury claims. *See* WIS. STAT. § 893.53; *Wudtke v. Davel*, 128 F.3d 1057, 1061 (7th Cir. 1997). The court rejected Franklin's contention that the defendants should be equitably estopped from asserting a statute-of-limitations defense based on Warmington's post-incident threats; in the court's view, no reasonable factfinder could conclude that Warmington's threats, which Franklin heard secondhand, constituted active steps to prevent him from timely filing this lawsuit within the requisite six years

(by May 2013). Notwithstanding such threats, the court emphasized that Franklin (1) did in fact complain to the police as early as August 2007 about Warmington's conduct, (2) had no further interactions with Warmington after the incident, and (3) provided no reason for waiting until after the statute of limitations had passed to look into Warmington's whereabouts.

Franklin challenges the district court's approach for applying equitable estoppel and urges us instead to adopt what he calls a "subjective test." Under this subjective test, according to Franklin, the sole inquiry should be the sincerity of a plaintiff's belief that a defendant took "active steps" to prevent or delay the filing of a lawsuit. Here, Franklin insists, Warmington's threats deterred him from timely filing suit and therefore equitable estoppel must apply. He also points to the phrase, "equitable tolling is subjective," that a district court had used in an unpublished order addressing the timeliness of a prisoner's post-conviction motion under 28 U.S.C. § 2255. *See Johnson v. United States*, No. 10-CV-341, 2010 WL 2490694, at *3 (E.D. Wis. June 17, 2010).

Our case law has been consistent: applying equitable estoppel requires that a plaintiff's reliance on a defendant's conduct be "both actual and reasonable." *Rager v. Dade Behring, Inc.*, 210 F.3d 776, 779 (7th Cir. 2000) (citing cases); *see also Matamoros v. Grams*, 706 F.3d 783, 793 (7th Cir. 2013). The district court here appropriately determined that no reasonable factfinder could conclude that Franklin acted justifiably based on dated death threats that he had learned of only secondhand. As the district court observed, nothing stopped Franklin from inquiring about Warmington's status before the statute of limitations had passed. Moreover no reasonable factfinder could conclude that Franklin actually relied on Warmington's threats because he filed a complaint with the police department regarding one of these threats and the traffic stop about three months after it occurred.

Further *Johnson* does not support Franklin's position. That case concerns the doctrine of equitable tolling, which applies "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231–32 (2014). Equitable estoppel, by contrast, "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time." *Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013) (internal quotation marks and citation omitted). In *Johnson*, the court analyzed whether equitable tolling applied to a prisoner's § 2255 motion and explained that this doctrine involves "subjective standards such as whether the prisoner has 'diligently followed up.'"

*Johnson*, 2010 WL 2490694, at *3. The court elsewhere remarked, in a phrase highlighted by Franklin, that "equitable tolling is subjective." *Id.* But the district court's allusions to the subjective nature of equitable tolling in no way undercut the requirement that a plaintiff requesting equitable tolling have acted in an objectively reasonable manner when protecting the right to file a claim. *See Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001) (citing cases). We decline the invitation to overturn our precedent.

AFFIRMED.