FILED
United States Court of Appeals
Tenth Circuit

December 5, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHERYL MYERS,

      Plaintiff – Appellant,

v.

UNITED STATES OF AMERICA,

      Defendant – Appellee.

No. 14-3049
(D.C. No. 5:12-CV-04005-KHV-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Cheryl Myers, an attorney appearing pro se, appeals from the district court's orders dismissing her complaint under Fed. R. Civ. P. 12(b)(1) and (6), and denying her motion for post-judgment relief. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

Myers filed this action against the United States on January 9, 2012. She alleged that the Internal Revenue Service ("IRS") violated the Internal Revenue Code, 26 U.S.C. §§ 7433, 6304, and 7432, by taking unauthorized collection actions against her and wrongfully refusing to release a lien on her property. She alleged that she and her ex-husband, Michael Barton Myers, made joint estimated tax payments in 1997 and 1998 of $34,250, but the IRS did not credit those payments against the taxes she owed for those years and imposed a lien against her property. She further asserted that her ex-husband conspired with the IRS in its improper collection actions. Myers attached to her complaint a fifty-one page administrative claim that she had mailed two days before she filed her complaint in the district court. The district court thoroughly reviewed the allegations of the administrative claim, and we need not repeat them here.

The government moved to dismiss Myers' complaint under Fed. R. Civ. P. 12(b)(1) and (6), arguing that the district court lacked subject matter jurisdiction over her claims; the government had not waived its sovereign immunity for claims that accrued before January 9, 2010; the complaint failed to state a claim; and Myers failed to exhaust administrative remedies. Myers moved to strike the government's motion, but she also filed a response in opposition, which included a motion to amend the complaint.

The district court denied Myers' motion to strike and granted the government's motion to dismiss. It held that the complaint failed to allege facts that even arguably stated a claim for which there might be jurisdiction, Myers failed to exhaust administrative remedies, and the complaint was time-barred. The court also denied Myers' motion for leave to amend the complaint because she did not explain the manner in which she would amend or file a proposed amended complaint, as required by local rule. Myers filed a motion for relief from the judgment under Fed. R. Civ. P. 59(e), which the district court also denied. Myers now appeals.

## II

Myers argues on appeal that the district court erred in ruling that her claim under 26 U.S.C. § 7433 was time-barred under the two-year statute of limitations in § 7433(d)(3) because the court omitted and falsified facts, failed to apply the "continuing wrong" doctrine, and failed to consider 26 C.F.R. § 301.7433-1(d)(2), under which, she asserts, the filing of her complaint two days after she mailed her administrative claim properly exhausted her administrative remedies. Myers also contends that the court erred in failing to recognize that her claims challenged the government's collection activities rather than its assessment of taxes, and by denying her motion to amend.

"We review de novo a dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and review findings of jurisdictional facts for clear error." Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008). "We review a

-3-

Rule 12(b)(6) dismissal de novo." Thomas v. Kaven, 765 F.3d 1183, 1190 (10th Cir. 2014). "De novo review also applies to a district court's ruling on the applicability of a statute of limitations." Bass v. Potter, 522 F.3d 1098, 1102 (10th Cir. 2008). Because Myers is an attorney, the district court did not deem her to be entitled to the liberal construction of filings courts ordinarily provide pro se litigants. See Mann v. Boatright, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007). But even if we liberally construed her filings, see Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), it would not change the outcome of this appeal.

We first address Myers' arguments that the district court erred in holding that her complaint failed to state a claim under 26 U.S.C. § 7433 and that any claim under § 7433 was time-barred. The court determined that the limited waiver of the government's sovereign immunity in § 7433 arguably provided jurisdiction over the complaint based on Myers' citation to 26 U.S.C. § 6304(b). Section 6304(b) allows for claims based on IRS harassment or abuse during collection activities. But the court concluded that the complaint did not state a claim under this provision because it merely parroted the language of § 6304(b) and did not allege any particular facts showing that the IRS had engaged in conduct designed to harass or abuse Myers in connection with the collection of unpaid taxes. As the court correctly explained, § 7433 provides jurisdiction only for claims related to the collection of taxes, but Myers' complaint was directed solely at the assessment of her taxes for 1997 and 1998. Further, Myers' allegations of a conspiracy between her ex-husband and the

government were based on implausible speculation, did not relate to the collection of taxes, and were clearly time-barred.

Myers does not challenge the district court's conclusion that § 7433 is inapplicable because the complaint lacks factual allegations to support a claim under § 6304(b) (and thus the limited waiver of sovereign immunity in § 7433 does not apply). This conclusion provides an independent and sufficient ground on which to affirm the district court's dismissal of her complaint. In any event, Myers' argument that her complaint alleged improper collection activities is without merit. The thrust of Myers' complaint is that the IRS improperly refused to credit her estimated tax payments against her 1997 and 1998 taxes, and that she did not owe the taxes the IRS sought to collect. She does not allege specific facts suggesting that the IRS failed to follow the prescribed procedures for collecting from her. See Shaw v. United States, 20 F.3d 182, 184 (5th Cir. 1994) (explaining the difference between improper assessment and improper collection, and holding that "to prove a claim for improper collection practices, the taxpayer must demonstrate that the IRS did not follow the prescribed methods of acquiring assets").

Myers also argues that she stated claims for the government's failure to release liens under 26 U.S.C. § 7432. The district court rejected this argument because Myers failed to explain that statute's relevance to her suit, did not tie any factual allegations to it, and failed to exhaust administrative remedies by not mentioning

§ 7432 in her administrative claim. Myers' conclusory argument that she stated claims under § 7432 is without merit.

Finally, Myers' one-paragraph argument that she should have been allowed to amend her complaint does not address the district court's reasons for denying leave to amend. We therefore reject it.

## III

Myers filed a motion for leave to supplement the record by attaching to her opening brief a legible copy of one document on the district court docket sheet. This motion was previously provisionally granted and is now **GRANTED**. Myers also filed a motion for sanctions against the government based on alleged misrepresentations in its response, which is **DENIED**.

The district court's judgment is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge